Day, J.
 

 This is an original action brought in this court, wherein the relator seeks a writ of mandamus- against the auditor of Clermont county, Ohio, requiring the auditor of said county to issue his warrant on the treasurer of said county to pay the tuition of certain children attending the public schools of Worthington village school district, Franklin county, Ohio, who, it is alleged, prior to their admission were residents of school districts in Clermont county, Ohio. The action is brought under favor of Sections 7677, 7678, and 7681, General Code.
 

 The petition further discloses that the Methodist Children’s Home Association of Worthington, Ohio, a corporation not for profit, maintains a private children’s home in the Worthington village school district in Franklin county. Among the inmates of the home are children of school age, who, before becoming inmates of the home, had a legal residence in other counties. It is alleged in the petition that during the school year beginning September 1, 1920, the board of education of the Worthington village school district of Franklin county, Ohio, by virtue of Section 7681, General Code, admitted inmates of the Methodist Children’s Home Association, upon the payment of tuition fees as set forth in the petition, except that no tuition fee was charged for inmates who prior to their admission
 
 *61
 
 to the home were residents of the Worthington village school district.
 

 It is further alleged in the petition that during the years set forth therein, reports were filed in the office of the county auditor as required by Section 7677, General Code, showing in detail the average per capita cost for the education of said children.
 

 It is further alleged in the petition that these reports set forth the names and former residences of all inmates of the home in attendance at the schools of said district and the duration of said attendance.
 

 It is further alleged in said petition that during the school year commencing September 1, 1920, one John Crabtree was an inmate of the home and attended the elementary schools of the Worthington village school district for á period of nine months, the cost thereof to the said school district being $49.50.
 

 It is further alleged that during the school years commencing September 1, 1921, 1922, 1923, and 1924, John Crabtree, Mary Bice, Hazel Bice, Frances Bice and Elizabeth Bice, all inmates of the home, attended the elementary schools of the Worthington village school district for the full school term of one year, at an annual cost to said school district of $247.50.
 

 It is further alleged that during the school year commencing September 1, 1925, John Crabtree attended the elementary schools of the Worthing
 
 *62
 
 ton village school district for nine months, at a cost of $108 to the school district. Frances Rice attended said school for four months at a cost of $22, and Elizabeth Rice attended said school for three months at a cost of $16.50.
 

 It is further alleged that the said John Crabtree, Mary Rice, Hazel Rice, Frances Rice, and Elizabeth Rice were children between the ages of 6 and 16 years, and that prior to their admission to said home they were residents of New Richmond, Clermont county, Ohio, and of the New Richmond village school district in said county.
 

 The petition prays that a writ of mandamus issue from this court commanding the defendant, the auditor of Clermont county, Ohio, to issue and deliver to the auditor of Franklin county, Ohio, his warrant on the treasurer of Clermont county, Ohio, for the sum of $1,211.50, the expenses caused to the Worthington school district by the attendance of the above-named children during the above named years in the elementary schools in said district.
 

 The answer filed by the respondent is in the nature of a general denial, after having made admission of his official capacity.
 

 Upon the issue thus tendered, the parties present their matter to this court; and the only issue of fact which it is necessary to determine is whether or not the children named in the petition were, immediately prior to their admission to the Methodist Children’s Home Association of Worthington, Ohio, residents of New Richmond, Clermont county,
 
 *63
 
 Ohio, and were in the New Richmond school district and eligible to attend the public schools thereof.
 

 From an examination of the testimony adduced, the court is of the opinion that the legal residence of said children prior to admission to the Methodist Children’s Home of Worthington was in the New Richmond school district of Clermont county, Ohio, and that they were eligible to attend such schools. Such being the conclusion of fact, and it being admitted that the children attended the Worthington village school district schools in Franklin county, Ohio, after being placed in the Methodist Children’s Home of Worthington, and there being no issue as to the amount of tuition due, and no claim made for tuition for the child, Catherine Ramsey, referred to in the petition, nor as to the official character of the various officials named in the petition, it but remains to apply the law to such facts.
 

 This question is not entirely a new one to this court, as the essential principles involved were determined in the case of
 
 State, ex rel. King, Pros. Atty.,
 
 v.
 
 Sherman, County Aud.,
 
 104 Ohio St., 317, 135 N. E., 625. That case was one in mandamus, wherein recovery was sought against Union county for the tuition of children formerly residing therein, who had been placed in the same private children’s home involved in the present controversy, to wit, the Methodist Children’s Home Association of Worthington, Ohio, and it was held that recovery could be had against Union county for the tuition of such children, and, further, that the sections of the General Code under which such recovery was
 
 *64
 
 sought were not in conflict with any of the provisions of the Constitution of Ohio.
 

 It follows, in the light of the foregoing authority, upon the facts determined, that the writ of mandamus prayed for in the petition herein must be allowed.
 

 Writ allowed.
 

 Marshall, C. J., Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.