Matthias, J.
 

 The provisions of statute applicable to the situation presented in this case were set forth in Section 7595-lcT, General Code (116 Ohio Laws, 590), the pertinent provisions whereof, during the period in question, were as follows:
 

 “Pursuant to law, a pupil may attend school outside his district of legal "residence, and for such pupil, his board of education shall pay tuition not more nor less than that which shall be computed as follows * *
 

 The statute then set forth the method of determining the tuition due and payable. The statute then provided as follows:
 
 *495
 
 by the clerk of the board of education of the district of attendance, to the board of education of the district in which the pupil resides, and to the director of education who, upon ascertaining that such amounts are fairly and correctly determined, shall deduct the same from the amount of state public school moneys, if any, allocated to the district of residence and add the same to the amount allocated to the district attended. If no money is allocable from the state public school fund to the district of residence, such district of residence shall pay to the district of attendance the tuition charge computed in accordance with the provisions of this section.”
 

 
 *494
 
 “Pursuant to law or to rules and regulations formulated in accordance with law, the amount of tuition, computed as hereinbefore provided, shall be certified
 

 
 *495
 
 Under the provisions of Section 7678, General Code, any child who was an inmate-of a county, semi-public or district children’s home, and who prior to admission thereto was not a resident of the school district wherein such home was located, should have been educated at the expense of the school district of his last residence. A transfer of school funds by the county auditor was directed in order to carry out the purposes of this provision. This statute obviously had no application to the situation presented by the record in this case.
 

 Certain questions of fact are presented, the answer to which must be gleaned from the pleadings, where that may be done, or from the evidence submitted by deposition. The issues of fact, however, are somewhat narrowed by the stipulation of counsel that “if the Cleveland board of education is liable for the tuition of any one of these children, or all of them, the liability is in the amount stated after each name in the petition. ’ ’
 

 However, under the averments of the answer of the members of the board of education of Cleveland that certain of these named children were not residents of Cleveland at the time they matriculated at the Parma
 
 *496
 
 public schools, the relators are not relieved from the necessity of proving that each of the children named was a “legal resident” of Cleveland at the time théy were placed in the Parma schools. It is stated in the answer that “they deny that of the children named in the petition the following were residents within the Cleveland City School District at the time they were placed in foster homes in the Parma City School District; [nine children are then designated].”
 

 The testimony in this case was entirely by witnesses called on behalf of the relators. The record does not disclose evidence as to the residence of all the children named, the residence of four of the children not being-indicated. Those four children were originally under the supervision of the Cleveland Humane Society, but custody had been transferred by it to the Cuyahoga County Child Welfare Board on June 11, 1940, and there was no testimony by the representative of that organization or of any other witness that they were in the Parma schools during the school year 1941-1942.
 

 Specific inquiry was made of Mr. James E. Ewers, director and superintendent of the Cuyahoga County Child Welfare Board, concerning the children named in the answer of the respondent Cleveland board of education. He testified that each of them attended school in Parma during the period in question and also that each of the children named was a resident of Cleveland at the time of commitment, to the child' welfare board by the Juvenile Court.
 

 Mr. William I. Lacy, executive secretary of the Cleveland Humane Society, testified that other children named in the petition of relator were residents of Cleveland at the time they were placed in homes and in the schools of the city of Parma.
 

 Although respondents specifically denied that certain of the children named were residents of Cleveland, their general denial put in issue the relators’
 
 *497
 
 claims as to all children named in the petition, and we find there was a failure of proof of residence in Cleveland of the four children heretofore referred to.
 

 Testimony was adduced disclosing- the method of operation of the various welfare agencies referred to. The Cleveland - Humane Society is a corporation not-for profit under Section 10062
 
 et seq.,
 
 General Code, and is supported largely by the community fund. It receives no public funds. It cares for dependent and neglected children and among such children are those committed to its care by the Juvenile Court of Cuyahoga county, It acts
 
 in loco parentis
 
 and maintains supervision of children committed to its care by the Juvenile Court. It assumes responsibility for paying the board and lodging for children in homes selected by the society. In some instances application is made to the society for a particular child, but often a general application for permission to board children is made, and persons so applying- take any children which are placed with them by the society.
 

 The other agency with which we are here concerned is the Cuyahoga County Child Welfare Board, an agency for the care of indigent children, established by Cuyahoga county pursuant to Section 3092, General Code. This agency likewise cares for and supervises dependent and neglected children. All of the children eared for are committed to its custody by the Juvenile Court of Cuyahoga county, and commitments are for temporary or permanent care. It places children in homes after investigation as to their suitability, and the county pays regular rates for board for such children, with certain exceptions in special cases. It places children in and removes them from these homes as it deems best, full custody being at all times retained by the society.
 

 The specific question presented is whether the Cleveland board of education is required to pay the tuition
 
 *498
 
 of tlie children resident of the city of Cleveland who are in the manner above stated placed in homes located in another school district and there attend the public schools.
 

 We have seen that under the provisions of Section 7595-lci, General Code, “pursuant to law, a pupil may attend school outside his district of legal residence, and for such pupil, his board of education shall pay tuition. ’ ’
 

 Since the children heretofore enumerated did attend school in the Parma City School District while legal residents of the city of Cleveland and such attendance was pursuant to the action and supervision of the legal welfare agencies above named, the Board of Education of the Cleveland City School District is required by the above statutory provision to pay their tuition.
 

 The determination of whether the amount claimed for tuition is fairly and correctly computed is a duty placed by this statutory provision upon the Director of Education. However, the fairness and correctness of the amount charged being no longer in issue by reason of the stipulation made upon the hearing of the case, the Director of Education has no duty to perform in that regard. The statutes required the Director of Education to deduct the amount determined as directed by statute from the “amount of state public school moneys, if any, allocated to the district of residence and add the same to the amount allocated to the district attended.”
 

 It was further provided by this statute that if no money was allocable from the state public school fund to the district of residence, such district of residence should pay the tuition charge to the district of attendance.
 

 Since the record does not disclose whether there are now any school moneys allocated to the Cleveland
 
 *499
 
 board of education out of which the Director of Education could satisfy the obligation of the Cleveland City School District to the Parma City School District, 'the court .can only issue a writ of mandamus requiring the Director of Education to deduct the tuition found due from the school moneys, if any, allocated to the Cleveland board of education and allocate the same to the Parma City School District, and if no such funds are at this time allocable to the Cleveland City School District, then a writ should issue commanding tñe board of education of the city of Cleveland to pay such tuition to the board of education of the city of Parma.
 

 The writ is accordingly allowed.
 

 Writ allowed.
 

 Weygandt, C. J., Hart, Zimmerman, Bell, Williams and Turner, JJ., concur.