SHEARD et, Neglected Children, In re.

Juvenile Court, Preble County.

No. 1873.   Decided January 2, 1959.

## OPINION

By ZIEGEL, J.

This cause pends upon a motion filed by the Eaton Exempted Village Board of Education asking that the court determine the responsibility for tuition purposes of four children who are now in the temporary custody of the Preble County Children's Home.   The Preble County Children's Home is located within the geographical limits of the Eaton Exempted Village School District and the children in question are now attending the Eaton Schools.

Sec. 3151.35 (A) R. C., provides that "the Court shall at the time of placing the child, determine which school district must bear the cost of educating the child while he is residing at such place as the court directs."   In the instant case no such order was made at the time of placing the child.

Edith Sheard is the mother and sole surviving parent of the children in question.   On April 29, 1958, Edith was charged under §2151.42 R. C., with neglecting these children.   At the same time, a neglect complaint under §§2151.03 and 2151.27 R. C., was filed with respect to the children. The Child Welfare Board, at the court's direction, assumed custody of them and placed them in the Children's Home.   Edith was tried, convicted, and placed on probation on May 31, 1958.   Shortly thereafter her children were returned to her.   At that time the court made no finding or order in the neglect complaint.

When the children were placed in the Children's Home in April,

1958, the family resided in the Village of Gratis and the children attended the school operated by the Gratis Local School Board of Education. The Gratis Board of Education paid the Eaton Board the appropriate tuition from April through May, 1958, when school terminated for that school year. On or about July 4, 1958, Edith moved her family from Gratis to the Village of Camden, also in Preble County, which Village is located within the geographical limits of the Shawnee Local School District. On July 16, 1958, a capias was issued for Edith for violation of the terms of probation. At the same time, the children were taken into custody by the Child Welfare Board. On July 22, 1958, Edith was sentenced to the Ohio Reformatory for Women and the four children in question were formally committed to the temporary care of the Preble County Child Welfare Board. When the children returned to School in September, 1958, being at that time inmates of the Children's Home, they entered schools of the Eaton Exempted Village District. Upon again being billed for tuition, the Gratis Local School Board refused to arrange for payment. Thus this motion was filed.

Citations were issued for the respective superintendents and the respective presidents of the Shawnee Local and the Gratis Local Boards of Education and all necessary parties were present at the hearing. It was pointed out that school was not in session when the Sheard family moved from Gratis to Camden, and that the Sheard children are not now and at no time in the past have ever been registered in the Shawnee Schools.

Sec. 3313.64 R. C., provides, inter alia, that "A child who is an inmate of a county children's home and who at the time of placement in such home was a school resident of the district in which such home is located shall be entitled to an education at the expense of such school district; any other inmate of such home shall be educated at the expense of the school district in which he was a school resident at the time of placement." Admittedly, the Sheard children were not resident of the Eaton Exempted Village School District, in which district the Preble County Children's Home is located, at the time of their placement in said Home. The Court, therefore, must determine in which school district they had a school residence at that time.

"Residence" is the favorite term employed by the American legislator to express the connection between person and place, its exact meaning being left to construction, to be determined from the context and the apparent object to be obtained by the enactment. 18 O. Jur. 2d, 162, par. 4. "A Resident" is defined as one's "dwelling or having his abode in any place." Grant v. Jones, 39 Oh St 506. "School residents" is defined as "all youth who are children or wards of actual residents of the school district," §3313.64 R. C.

Unless there are statutory regulations to the contrary no particular lengths of time is necessary to establish residence. Cf. 18 O. Jur. 2d, 169, par. 13. While there are time requirements necessary to establish residence for such purposes as voting (§3503.01 R. C.), eligibility for public financial assistance (§§5105.05 [B], 5107.03 [D], 5113.05 R. C.), right to bring a divorce action (§3105.03 R. C.), Ohio's School Code provides no time limitation. On the contrary examination of the Com-

pulsory Education Laws (§3321.01 et seq R. C.), indicates that none is intended. **Sec. 3321.02 R. C.,** provides that no child shall be excused from the operation of the compulsory education laws "on the grounds that the child's residence is seasonal . . . . etc." **Sec. 3321.04 R. C.,** on compulsory attendance provides that a child must attend school for the full time the school attended is in session, and that such attendance must begin "within the first week of the school term or within one week of the date at which the child begins to reside in the district or within one week after his withdrawal from employment." It is apparent from these sections that for school attendance purposes a child becomes a resident in a school district as soon as he acquires any kind of home in that district, whether or not that particular home is permanent or temporary in nature. To hold otherwise would, in effect, negate the obvious intent of the general assembly in its enactment of compulsory education and attendance laws.

In the case at bar, Mrs. Sheard vacated her residence in Gratis and moved all her furnishings and belongings to a new abode in Camden. The residence of her children followed. Cf. **18 O. Jur. 2d, 180, par. 32.** The fact that the new residence was assumed in July when school is not officially in session is immaterial. **Sec. 3313.62 R. C.,** provides for a full twelve month school year beginning on July 1st and ending on June 30th. While the statutes provide for a minimum period of school instruction, §3313.48 R. C., there are no statutory rules as to when the school term should begin or end. That decision is left to the discretion of the local school board.

As of July 16, 1958, therefore, when the Sheard children were placed in the Children's Home, they had a school residence in the Shawnee Local School District. The Shawnee Local School Board of Education must therefore bear the cost of educating for four Sheard children while they are resident of the Preble County Children's Home and are attending the schools operated by the Eaton Exempted Village Board of Education.