IN RE LARICCHIUTA ET AL.

[Cite as In re Laricchiuta, 16 Ohio App. 2d 164.]

(No. 172—Decided November 30, 1968.)

*Mr. George J. Earley*, for plaintiff-appellee, Eaton City Board of Education.

*Mr. Tilmon A. Ellison* and *Mr. William E. Rathman*, for defendant-appellee, Middletown City Board of Education.

*Mr. Everett Fahrenholz*, prosecuting attorney, for appellant, Shawnee Local Board of Education.

CRAWFORD, P. J.   The Shawnee Local Board of Education has appealed an order of the Juvenile Court requiring it to pay the Eaton City Board of Education tuition for the neglected children of Margaret Laricchiuta.

There is an agreed statement of facts, amplified by certain details in the briefs which appear to be mutually accepted.   On February 5, 1962, the Juvenile Court of Butler County found these children to be neglected and gave temporary custody to the Butler County Department of Public Welfare for placement, without determining what school district should bear the cost of their education as required by Section 2151.35 (A), Revised Code.   That department placed them with their maternal grandparents in Middletown on August 6, 1962.   Shortly thereafter, the mother was reinstated on ADC (apparently in Butler County) and took the children with her to West Elkton in the Shawnee Local School District in Preble County, where she found residence.   She entered the children in that school district on September 10, 1962, where they continued in attendance until they were withdrawn between November 1 and 5, 1963.

On November 1, 1963, the mother entered into an agreement with the Preble County Child Welfare Board for the care of the children, and they were entered in the Eaton City Schools which serves the Preble County Children's Home.   Such an agreement is authorized by Section 5153.16 (B), Revised Code.

On June 14, 1965, the Child Welfare Board of Preble County filed a neglect complaint in the Preble County Juvenile Court.   On November 3, 1965, that court found the children neglected under the provisions of Section 2151.03

(C), Revised Code, and gave temporary custody to the Preble County Child Welfare Board. No determination was then made as to the cost of their education under Section 2151.35 (A), Revised Code.

Apparently the Shawnee School Board paid the tuition until the school year 1965-1966, but declined to do so following the finding and order of neglect by the Juvenile Court of Preble County.

After the Eaton City Board of Education filed the motion upon which the order here appealed from was made, the Butler County Juvenile Court entered a *nunc pro tunc* order terminating its jurisdiction as of October 1962.

The answer to the present issue must be sought in the statutes. Section 3313.64, Revised Code, makes the schools free "to all school residents between six and twenty-one years of age," and says, "School residents shall be all youth who are children or wards of actual residents of the school district." It further provides that "A child who is an inmate of a county * * * children's home" and who, at the time of placement in such home, was not a school resident of the district in which the home is located "shall be educated at the expense of the school district in which he was a school resident at the time of placement."

As the Preble County Juvenile Court pointed out in its opinion, the "placement" referred to in Section 3313.64, Revised Code, need not be by an order of court. The voluntary placement of the children under the agreement by the mother with the Preble County Child Welfare Board on November 1, 1963, and their entry into the Eaton public schools, brings them within the placement requirement of the statute. *State, ex rel. Gibbs,* v. *Martin* (1944), 143 Ohio St. 491, the second paragraph of the syllabus.

The remaining question is where these children were "school residents" at the time of their placement in the home and the Eaton schools. We believe the correct analysis of this question was made by the Juvenile Court in its decision which cited the Judge's own earlier opinion in the case of *In re Sheard* (1959), 82 Ohio Law Abs. 259, in which the following language was used, at page 260:

"Unless there are statutory regulations to the contrary no particular lengths [sic] of time is necessary to establish residence. Cf. 18 O. Jur. 2d [168], 169, par. 13. While there are time requirements necessary to establish residence for such purposes as voting (Sec. 3503.01 R. C.), eligibility for public financial assistance (Secs. 5105.05 [B], 5107.03 [D], 5113.05 R. C.), right to bring a divorce action (Sec. 3105.03 R. C.), Ohio's School Code provides no time limitation. On the contrary examination of the Compulsory Education Laws (Sec. 3321.01 et seq. R. C.), indicates that none is intended. Sec. 3321.02 R. C., provides that no child shall be excused from the operation of the compulsory education laws 'on the grounds that the child's residence is seasonal * * * etc.' Sec. 3321.04 R. C., on compulsory attendance provides that a child must attend school for the full time the school attended is in session, and that such attendance must begin 'within the first week of the school term or within one week of the date at which the child begins to reside in the district or within one week after his withdrawal from employment.' It is apparent from these sections that for school attendance purposes a child becomes a resident in a school district as soon as he acquires any kind of home in that district, whether or not that particular home is permanent or temporary in nature. To hold otherwise would, in effect, negate the obvious intent of the general assembly in its enactment of compulsory education and attendance laws."

As stated in appellee's brief, there could be no serious question that these children were "school residents" of the Shawnee School District if they had had no connection with the Butler County Juvenile Court and Welfare Department. That connection does not affect the situation.

The jurisdiction of the Juvenile Court does not depend upon a child's school residence. Section 2151.27, Revised Code, confers jurisdiction upon "the Juvenile Court of the county in which such child has a residence or legal settlement, or in which such * * * neglect * * * occurred * * *." Hence, the jurisdiction exercised by the Butler County Juvenile Court did not determine or depend upon school

residence. And the *nunc pro tunc* order relinquishing its jurisdiction as of October 1962, the month after it apparently permitted the mother to remove the children from the home of the grandparents in Butler County, was consistent with the nature of the jurisdiction which it had previously exercised.

By virtue of this same jurisdictional statute (Section 2151.27, Revised Code), the Preble County Juvenile Court had jurisdiction of the complaint of neglect filed with it on June 14, 1965. This exercise of jurisdiction by the Preble County Juvenile Court did not affect the liability for tuition, which had already been fixed "at the time of the placement" of the children November 1. Section 3313.64, Revised Code. The time of placement was when the children became inmates of the children's home. *State, ex rel. King,* v. *Eveland* (1927), 117 Ohio St. 59.

The fact that Butler County reinstated this family in the ADC program did not determine the question of school residence. The "legal settlement," which is prerequisite to such aid (Section 5113.05, Revised Code), is not identical with "school residence." The former regards the prior completion of the required period of residence under specified conditions; the latter may, as already indicated, be achieved immediately.

Although Section 3313.64, Revised Code, and the other statutes referred to by the court in *In re Sheard,* indicate a legislative intent that a child becomes a school resident when he begins to reside in a particular school district, these children actually resided with their mother in the Shawnee School District for more than one year before their placement with the Preble County Child Welfare Board and the Eaton City Schools.

Upon the facts before us, the obligation of the appellant Shawnee School Board is a continuing one, and the order appealed from will be affirmed.

*Judgment affirmed.*

KERNS and SHERER, JJ., concur.