THE STATE, EX REL. HENRY, APPELLANT, *v.* BOARD OF EDUCATION, MADISON PLAINS LOCAL SCHOOLS ET AL., APPELLEES.

(No. CA84-01-005—Decided
August 13, 1984.)

*Fred L. Scurry,* for appellant.

*R. David Picken,* prosecuting attorney, for appellees.

KOEHLER, J. On December 1, 1983, Everett Henry, appellant herein, filed a petition in mandamus in the court below seeking an order requiring appellees to retain his grandson, Sean Henry, as a student, tuition free, in the Madison Plains Local School District for the balance of the 1983-1984 school year. After arguments, the court below issued a judgment denying Everett Henry's petition, stating, in a well-written opinion, its reasons therefor.

This court's jurisdiction was subsequently invoked by the timely initiation of this appeal.

Sean Henry was a junior in high school for the 1983-1984 school year. Sean's parents moved out of the Madison Plains Local School District; and, on or about September 1, 1983, they executed an agreement with Everett Henry whereby he was purportedly given custody of Sean with the power to provide for his care and education. Since that time, Everett has had physical custody of Sean and has acted in a parental manner.

On December 1, 1983, Sean was notified that he could no longer attend Madison Plains Local Schools without paying tuition. Everett argued to the court below, and to this court, that since he stands *in loco parentis* to Sean, appellees were under a duty to accept Sean in the school system. For the following reasons, we must affirm the judgment of the trial court.

In order for mandamus to lie, the relator must show that he has a right to the relief prayed for, that the respondent has a clear legal duty to perform the requested act and that there is no plain and adequate remedy at law. *State, ex rel. Harris,* v. *Rhodes* (1978), 54 Ohio St. 2d 41, 42 [8 O.O.3d 36].

The rights of children to go to school tuition free are essentially governed by R.C. 3313.64. R.C. 3313.64(B)(1) states the general rule that a child shall be "admitted"[1] to the schools of the school district in which his "parent" resides. Where the child does not reside in the district in which his parent resides, as in the case at bar,[2] he may only be admit-

---

[1] R.C. 3313.64 outlines when the *admission* of a student into a school district is mandatory. Admission does not guarantee a "tuition free" education as tuition may be required even though the child must be admitted. See R.C. 3313.64(C). Indeed, whenever a child wishes to attend school in a district in which his parents do not reside, tuition must be paid. See 1983 Ohio Atty. Gen. Ops. No. 83-041, at 2-157. Where admission is mandatory under R.C. 3313.64(B)(2), tuition is not paid by the student (R.C. 3313.64[C]), and where admission is not mandatory, a board of education may nonetheless admit the child, under the authority of R.C. 3317.08, provided the child pays tuition.

[2] "Parent" is defined in R.C. 3313.64 (A)(1) to mean:

"* * * either parent, unless the parents are separated or divorced or their marriage has been dissolved or annulled, in which case parent means the custodial parent. When a child is in the legal custody of a government agency or a person other than his natural or adoptive parent, 'parent' means the parent

ted to the schools in the district in which he resides if:

"(a) He is in the legal or permanent custody of a government agency or a person other than his natural or adoptive parent;

"(b) He resides in a home;

"(c) He requires special education." R.C. 3313.64(B)(2).

It is not disputed that Sean is not in the legal or permanent custody of a government agency, does not reside in a "home"[3] and does not need special education. Thus, Sean is entitled to be admitted to the schools in the district in which he now resides, and in which his parents do not reside, only if he is in the "legal or permanent custody" of a person other than his natural or adoptive parents.

The phrase "legal or permanent custody" is defined in R.C. 3313.64 (A)(2) to have the meanings given in R.C. 2151.011. R.C. 2151.011(B)(10) defines "legal custody" to mean:

"* * * a legal status created by court order which vests in the custodian the right to have physical care and control of the child and to determine where and with whom he shall live, and the right and duty to protect, train, and discipline him and to provide him with food, shelter, education, and medical care, all subject to any residual parental rights, privileges, and responsibilities. * * *" (Emphasis added.)

"Permanent custody" means:

"* * * a legal status created by the court which vests in the county department of welfare which has assumed the

administration of child welfare, county children services board, or certified organization, all parental rights, duties, and obligations, including the right to consent to adoption, and divests the natural parents or adoptive parents of any and all parental rights, privileges, and obligations, including all residual rights and obligations." (Emphasis added.) R.C. 2151.011(B)(12).

The crux of the analysis of the case sub judice is that, by definition, in order to become either the legal or the permanent custodian of Sean, Everett must go through the court system.

A statute similar to R.C. 3313.64 has established the law in Ohio for many years. Earlier versions of the statute provided for free education for youth who were "children, wards or apprentices" of actual residents in the school district. G.C. 7681 (predecessor to R.C. 3313.64). Under this and similar language, many Ohio courts, as well as the Attorney General, liberally construed the term "ward" and permitted a child who was not residing with his parents to attend school, tuition free, in the district in which he was residing where the person with whom the child was residing stood in loco parentis to him. See In re Sheard (J.C. 1959), 82 Ohio Law Abs. 259; In re Laricchiuta (1968), 16 Ohio App. 2d 164 [45 O.O.2d 456]; 1927 Ohio Atty. Gen. Ops. No. 106 (Vol. 1); 1932 Ohio Atty. Gen. Ops. No. 4864 (Vol. 3); 1974 Ohio Atty. Gen. Ops. No. 74-076. However, by revising R.C. 3313.64 to its current form and adopting the definitions of legal and permanent custody

---

with residual parental rights, privileges, and responsibilities. When a child is in the permanent custody of a government agency or a person other than his natural or adoptive parent, 'parent' means the parent who was divested of custody and residual parental rights, privileges, and responsibilities."

As discussed infra, appellant has neither "legal" nor "permanent" custody of Sean

and is not Sean's "parent" for purposes of applying R.C. 3313.64.

[3] For purposes of applying R.C. 3313.64, the term "home" has a special meaning. As defined in R.C. 3313.64(A)(4), the term refers to residential facilities in Ohio which have been approved by the state for the caring of children.

discussed above, it is clear the legislature has decided to make it more difficult for a child to attend school without paying tuition when he does not reside with his parents. This policy ostensibly deters scholars or athletes from "school shopping" and discourages the separation of the family unit. It is clear to this court that R.C. 3313.64 was intended to prevent a child in the position of Sean from attending school, tuition free, in the absence of a court-ordered change of custody. That Sean has attended school in Madison Plains all of his life and wishes to finish high school there certainly engenders sympathy, but, given the clear and detailed mandate of R.C. 3313.64, this court must conclude that the appellees were under no legal duty to admit Sean though they do possess the authority to admit him if he pays tuition. See fn. 1, *supra*. Accordingly, we find that the trial court correctly denied the petition in mandamus and we hereby overrule Everett Henry's sole assignment of error.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., and JONES, J., concur.