O P I N I O N
Plaintiff-appellant David W. Massie appeals from the November 17, 2000, Judgment Entry of the Richland County Court of Common Pleas. Defendant-appellee is the Lexington Local Schools Board of Education, et al.
 STATEMENT OF THE FACTS AND CASE
The following facts were stipulated to in writing by the parties:
 Appellant David Massie has resided at 1130 West Cook Road, Mansfield, Ohio, at all times relevant to his Complaint. Appellant's house sits on 3.965 acres of land. The property is composed of three parcels: two of the parcels are located in Madison Township, totaling 3.685 acres; one parcel is located in Washington Township totaling .28 acres. The property owned by appellant and located in Madison Township is within the Mansfield City School District. The property owned by appellant located in Washington Township is within the Lexington Local School District.
 Appellant's house is located entirely on the Madison Township parcels. Part of his driveway and septic system are on the Washington Township parcel. Appellant's real property tax bill shows a tax value of $9,470.00 for land and $62,170.00 for buildings in Madison Township and of $290.00 for land and $0 for buildings in Washington Township.
Appellant is registered to vote in Madison Township.
 Appellant, who is divorced, is the custodial parent of his three children who live with him. In the 1998-1999 school year, he enrolled one of his children in the Lexington Local School District. In the 1999-2000 school year, he enrolled all three of his children in the Lexington Local School District.
After the children were enrolled, it came to the attention of the Lexington Local School District, appellee, that appellant's house was located on a part of the homestead that lay in the Mansfield City School District. Appellee concluded that appellant was not a resident of the Lexington School District. The Lexington Board of Education demanded that appellant either withdraw his children or request admittance on a tuition-paying basis.
On March 21, 2000, appellant filed a Complaint for declaratory relief. On April 17, 2000, defendant-appellee Lexington Local Schools Board of Education, et al. [hereinafter appellee] filed an Answer and Counterclaim. Appellee claimed that appellant was a resident of the Mansfield City School District for the entire 1998-1999 school year and that his children were entitled to attend Lexington Local School District on a tuition basis only. Appellee sought tuition for appellant's son, John Massie, for the 1998-1999 school year pursuant to R.C. 3317.08, for $2,711.00. In addition, for the 1999-2000 school year, appellee sought tuition of $2,711.61 for the enrollment of each of appellant's three children, for a total 1999-2000 tuition of $8,134.83.
On September 20, 2000, appellee filed a Motion for Summary Judgment. That same day, September 20, 2000, appellant filed a Motion for Summary Judgment. Thereafter, on November 17, 2000, the trial court issued a Judgment Entry which granted Summary Judgment to appellee and overruled appellant's Motion for Summary Judgment. The trial court entered a Judgment in favor of appellee Lexington School District against appellant David Massie in the amount of $10,736.19 plus interest at ten per cent per annum from June 15, 2000, until paid. The $10,736.19 figure represented the unpaid tuition for the 1998-1999 and 1999-2000 school years.[1]
It is from the November 17, 2000, Judgment Entry of the Richland County Court of Common Pleas that appellant appeals, raising the following assignment of error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT TO DEFENDANTS. THE CORRECT RULE TO BE APPLIED IS THAT WHERE A SCHOOL BOUNDARY LINE CROSSES THROUGH A RESIDENTIAL PROPERTY, THE RESIDENTS RESIDE IN BOTH SCHOOL DISTRICTS AND MAY ELECT WHICH SCHOOL SYSTEM IN WHICH TO ENROLL THEIR SCHOOL AGE CHILDREN FREE OF TUITION.
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. Civil Rule 56(C) states in pertinent part:
 Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
There is no genuine issue as to any material fact because the parties stipulated to the facts. Therefore, we must determine whether appellee was entitled to judgment as a matter of law.
In appellant's sole assignment of error, appellant argues that because a school boundary line dividing two school districts crosses through his residential property, he may elect either of the school districts and enroll his children free of tuition. We disagree.
Revised Code 3313.64, in pertinent part, provides that all children of school age are entitled to attend a school of the school district in which the child's parent resides tuition free. R.C. 3313.64 (B)(1) 
(C).[2] "Residency" is not defined in R.C. 3313.64. In re Laricchiuta
(1968), 16 Ohio App.2d 164. However, Ohio courts have found indications of residency to include "being physically present in a household for significant periods and activities such as eating, sleeping, relaxing, and receiving mail." In re White (1998), 128 Ohio App.3d 387 (citing Baldwin's Ohio School Law (1997-1998 Ed.) T23.02(B)); Baucher v. Board ofEducation of Coldwater Exempted Village School Dist. (1971),31 Ohio Misc. 49. Black's Law Dictionary defines "reside" as "live, dwell, abide, sojourn, stay, remain [or] lodge . . . to have one's residence. . . ." "Residence" is defined as the "place where one actually lives or has a home; a person's dwelling place or place of habitation; an abode; house where one's home is; a dwelling house. . . ." Black's Law Dictionary.
It is undisputed that appellant's house is located within the Mansfield City School District. Appellant is registered to vote in Madison Township Precinct 1, correlating to the Mansfield City School District.[3] We find that, for purposes of R.C. 3313.64, appellant "resides" in the Mansfield City School District.
We find our decision in accord with the analysis applied in Baucher v.Board of Education (1971), 31 Ohio Misc. 49. The Baucher family essentially lived in two houses, each in a different school district, located on property divided by a road.[4] The family conducted daily household tasks in both houses and therefore the court concluded that the family resided in both school districts. However, the court's focus was on the "houses", not the land. Here, appellant and his family live in but one house and it is located in the Mansfield City School District.
Therefore, based upon the facts to which the parties stipulated and our finding that appellant "resides" in the Mansfield City School District, we find that a grant of summary judgment in favor of appellee was appropriate. Appellant's sole assignment of error is overruled.
The Judgment of the Richland County Court of Common Pleas is affirmed.
 ____________________________ Edwards, P.J
By Gwin, J. concurs, Boggins, J. dissents.
[1] This Court recognizes that the dollar figure awarded by the trial court does not match the amount of tuition sought. However, no challenge has been raised in regards to this minimal difference in figures.
[2] (B) Except as otherwise provided in section 3321.01 of the Revised Code for admittance to kindergarten and first grade, a child who is at least five but under twenty-two years of age and any handicapped preschool child shall be admitted to school as provided in this division.
(1) A child shall be admitted to the schools of the school district in which the child's parent resides. . . .
(C) A district shall not charge tuition for children admitted under division (B)(1) or (3) of this section. . . .
[3] A person's voting precinct is determined by the location of that person's residence. "That place shall be considered the residence of a person in which the person's habitation is fixed . . . . . R.C.3503.02(A), Rules for Determining Residence. R.C. 3501.01(P) defines "voting residence" as "that place of residence of an elector which shall determine the precinct in which he may vote."
[4] In Baucher, the parents and nine of their children stayed overnight and had breakfast in the house on the north side of the road. That house had no water and no bathroom. The family had lunch and dinner in the house on the south side of the road. Freezers, refrigerators and laundary equipment were in that house. The children's grandmother resided in the "south" house and she was cared for by the children's mother. The grandmother had gifted the "south" house to the children's parents. The house on the north side of the road was owned by the parents and sat on 30 acres of land which adjoined the 50 acres of land on which the house on the south side of the road was located.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs to appellant.