Judge Lane
delivered the opinion of the court:
The principle, that the sovereign power of a state is not bound by statutes of limitation, without express words, obtained in the earliest stages of the common law, and has descended to this day. This rule is sometimes of odious application; but it is adopted as incidental to sovereignty† and necessary to preserve against neg-ligence *or cupidity, those rights which the state has acquired or retained.
*313 This immunity, however, seems to be an attribute of sovereignty -only. No ease is found in the books which exempts any other description of person, whether natural or artificial, from the oper.ations of the laws; and none of the reasons for the exemption, apply with much force to municipal corporations. The law imposes upon them the duty of defending the interests which they are created to hold, and has conferred every power necessary to this end. 'When the property is their own, the statute has been always held as binding; when their land, or franchises are of public character, $Tie public which they represent, are principally members of their own body, sufficiently vigilant to watch their own interests, and sufficiently powerful to defend them. The rights of the corporation, therefore, seem well enough protected without invading the 'letter of the statute. And the very loose and indefinite character of some of these rights renders the protection of the law peculiarly -necessary for the security of occupants.
New trial granted without costs.

By the new French code, this prerogative is expressly renounced. “L’Etat les Etablissements Publics, et les Communes, sontsoumis aux memes prescriptions que les parliculiers, etpeuvent egalement lesopposer.” Code Civ., sec. 2227.