Day, J.
 

 Whether plaintiff is barred by Section 11222, General Code, from maintaining this action is the issue presented for our determination.
 

 Section 11222, General Code, provides: “An action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued.”
 

 That a state is immune from the operation of the statute of limitations is universally recognized. The ancient maxim
 
 nullum tempus occurrit regi
 
 (no time
 
 *321
 
 runs against the crown) still prevails. This immunity is an attribute Of sovereignty and can only be waived by express provision to that effect within the statute.
 

 Does such immunity attaching to the state accrue to the benefit of a board of education or school district?
 

 This immunity is extended to the state as an attribute of sovereignty and does not extend to a board of education or school district. Excepting only the sovereign, the law recognizes no distinction in litigants, and the same rule of law is applicable to all.
 

 A state, as an attribute to its sovereignty, cannot be sued without its consent. When a board of education or school district is clothed with the capacity to sue and be sued, it is thereby rendered amenable to the laws governing litigants, including the plea of the statute of limitations. To give one character of litigants special privileges over other litigants is to create artificial distinctions which have no place in a progressive democracy.
 

 “The principle, that the sovereign power of a state is not bound by statutes of limitation, without express words, obtained in the earliest stages of the common law, and has descended to this day. This rule is sometimes of odious application; but it is adopted as incidental to sovereignty, and necessary to preserve against negligence or cupidity, those rights which the state has acquired or retained.
 

 “This immunity, however, seems to be an attribute of sovereignty only. No case is found in the books which exempts any other description of person, whether natural or artificial, from the operations of the laws; and none of the reasons for the exemption apply with much force to municipal corporations. The law imposes upon them the duty of defending the interests which they are created to hold, and has conferred every power necessary to this end.”
 
 Lessee of
 
 
 *322
 

 City of Cincinnati
 
 v.
 
 First Presbyterian Church,
 
 8 Ohio, 299, at page 310.
 

 “Exemption from the operation of the statute is a privilege of sovereignty, and this privilege can only be asserted by, or on behalf of the sovereign.” 25 Ohio Jurisprudence,'630.
 

 A board of education or school district does not partake of- the elements of sovereignty and is not entitled to immunity from the statute of limitations.
 

 The extension of the privileges of sovereignty to others than the general and state governments does not find favor in enlightened jurisdictions. 17 Ruling Case Law, 972, 973.
 

 Where a statute does not expressly except a subordinate political subdivision from its operation, the exemption therefrom does not exist.
 

 ■ Where a board of education or school district is subject to suit it is to be treated, for the purpose of such suit, in the same manner as a private litigant. Not being an entire sovereignty, there is no sound reason for treating it in a manner different from the manner of treating any other litigant. The law should be of universal application and without distinction among litigants. The fact that a board of education or school district is engaged in a public task is an immaterial circumstance. When it is rendered subject to suit without consent, it is automatically stripped of its attribute of sovereignty and of the exemptions and immunities available to sovereignties.
 

 State, ex rel. King, Pros. Atty.,
 
 v.
 
 Sherman, County Aud.,
 
 104 Ohio St., 317, 135 N. E., 625, is cited by counsel for relator as authority on the question of proper procedure in such matters. However, that case does not involve the question of the statute of limitations. It merely concerns itself with the right of one school district to recover from another tuition for the schooling of inmates of a private children’s home when such children are non-residents of the district, and the court
 
 *323
 
 held such tuition recoverable. However, that is not the issue here.
 

 State, ex rel. King, Pros. Atty.,
 
 v.
 
 Eveland, Aud., 117
 
 Ohio St., 59, 158 N. E., 169, is likewise cited. There, too, the statute of limitations is not in issue.
 

 The claims of plaintiff for tuition covering the period from 1919 to 1928, both inclusive, having accrued prior to the six year period immediately preceding the commencement of the action, are barred under Section 11222, General Code, and the claims for tuition from 1929 to 1933, both inclusive, are valid and enforcible. The writ will therefore be denied as to the years 1919 to 1928, both inclusive, and will be issued for the years 1929 to 1934, both inclusive, as prayed for.
 

 Writ allowed in part.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias and Zimmerman, JJ., concur.