WAYMAN, APPELLEE, v. BOARD OF EDUCATION, AKRON CITY SCHOOL DISTRICT, APPELLANT.

[Cite as Wayman v. Bd. of Edn., 5 Ohio St. 2d 248.]

(No. 39343—Decided March 23, 1966.)

*Mr. Paul Borowski,* for appellee.
*Mr. Gilbert A. Hartz,* for appellant.

MATTHIAS, J.   The determinative issue raised by this action is whether a board of education may be enjoined from maintaining a nuisance upon its property.

It is well settled that a board of education is a quasi corporation acting for the public as one of the state's ministerial education agencies "for the organization, administration and control of the public school system of the state." *Cline* v. *Martin,* 94 Ohio St. 420, 426.   There is no statute creating liability in tort.   There is no such liability at common law. *Finch* v. *Board of Education of Toledo,* 30 Ohio St. 37; *Board of Education of Cincinnati* v. *Volk,* 72 Ohio St. 469.   In short, a board of education is a body corporate and politic of the state of Ohio, and, therefore, a suit against the board is plainly a suit against the government and its property.

Therefore, most jurisdictions hold that the acts of a board of education in the operation and maintenance of a public school system are immune from liability in damages for tort arising out of negligence.

However, in the present case, plaintiff prays not for damages but for an injunction restraining defendant in the use of its property in such a way as to create and "maintain a nuisance injurious to the comfort and enjoyment of said plaintiff in and about her property and person."   In short, plaintiff alleges that defendant has created and does now maintain a nuisance that is damaging her property.

In reply to this, defendant, board of education, cites *Bran-*

*non* v. *Board of Education of Tiro Consolidated School Dist.,* 99 Ohio St. 369, the syllabus of which reads as follows:

"1. Section 7625, General Code [now Section 3313.37, Revised Code], vests in a board of education authority to determine the needs of the school district for the proper accommodation of its schools.

"2. A court has no authority to control the discretion vested in a board of education by the statutes of this state, or to substitute its judgment for the judgment of such board, upon any question it is authorized by law to determine.

"3. A court will not restrain a board of education from carrying into effect its determination of any question within its discretion, except for an abuse of discretion or for fraud or collusion on the part of such board in the exercise of its statutory authority."

Therefore, the issue is joined, and the question becomes whether a board of education may in its discretion carry into effect a positive act which creates or maintains a nuisance as regards the private property of an individual. If the board of education may not so act, then the petition of plaintiff does state a cause of action good against a demurrer.

Section 1, Article I of the Constitution of the state of Ohio, provides as follows:

"All men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, *acquiring, possessing, and protecting property,* and seeking and obtaining happiness and safety." (Emphasis added.)

The right to acquire, possess and protect property (subject, of course, to the police power of the state) is no less a privilege to the individual than the immunity from suit is a privilege to the state. Neither an individual nor a private corporation has the right to use its property so as to damage the property of another. In such a case, the law implies a duty for one to act in such a manner so as not to create a nuisance injurious to the property of another. A party so injured can enjoin a nuisance created by a private body and recover damages therefor. Many jurisdictions have extended this doctrine in the case of per-

sonal injury to create an exception to governmental immunity. Thus, paragraph two of the syllabus in *Rose* v. *Board of Education of Abilene* (1959), 184 Kan. 486, 337 P. 2d 652 states:

"An exception to the rule stated in the first paragraph of this syllabus [*i. e.*, a governmental function of the state is immune from liability for tort] is that the doctrine of immunity from liability for tort does not extend to cases where the acts and conduct of the board of education result in creating or maintaining a nuisance." For further discussion see annotations, 75 A. L. R. 1196, 1202; 56 A. L. R. 2d 1415, 1417; 86 A. L. R. 2d 489, 521.

This court has never before been squarely presented with the question of whether the defense of governmental immunity is good against a cause of action for an injunction to abate a nuisance created by the positive act of a board of education. However, as early as 1905 this court in the *Volk case, supra,* said in dicta, at page 486:

"In conclusion upon the subject of remedy, we do not mean it to be understood that the alleged excessive and wrongful excavation, without protecting the plaintiff's property, might not have been restrained in a proper and timely action for that purpose." We agree with that statement. The doctrine of governmental immunity shields the board of education from liability in damages. However, governmental ownership alone does not authorize the creation of a nuisance, and the board cannot by a positive act create a nuisance upon its property that endangers or damages another's property. The immunity enjoyed by the board of education does not extend to active wrongdoing, and, in the absence of express legislative authority to the contrary, this court will not infer a power in a board of education to create or maintain a nuisance unless such is the natural and necessary result of an act specifically authorized by the Legislature. Such is not the case here. The board of education has discretionary power to create and maintain a parking lot. *Brannon* v. *Board of Education, supra.* However, if in so doing a nuisance is in fact created and maintained the board of education has abused the discretion it has been granted by the Legislature, for it is a fact that is recognized by all that

a parking lot can be constructed in such a manner that it will not constitute a nuisance. The public use and general benefit will not justify such a nuisance, and an action in equity for an injunction will lie, subject to the general rules prevailing in such a suit.

In conclusion, we hold only that where a board of education creates or maintains a nuisance upon its property in such a manner that the property of another is endangered or damaged, the person so threatened may bring a suit in equity for an injunction to restrain the nuisance. In so doing he will state a good cause of action.

The judgment of the Court of Appeals is affirmed and the cause remanded to the Court of Common Pleas for further proceedings according to law.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.