BROWN ET AL., APPELLANTS, *v.* BOARD OF EDUCATION, MONROEVILLE LOCAL SCHOOL DISTRICT, APPELLEE.

[Cite as Brown v. Bd. of Edn., 20 Ohio St. 2d 68.]

(No. 69-107—Decided December 3, 1969.)

*Messrs. Hiltz & Wiedemann* and *Mr. Robert A. Wiede-mann,* for appellants.

*Mr. Bernard W. Freeman* and *Mr. Ronald II. Free-man,* for appellee.

TAFT, C. J. Both parties agree that the only question to be decided is whether a private litigant, in an action against a board of education of a local school district, can rely upon adverse possession to obtain title to land held in trust by that board for school purposes.

In *State, ex rel. Board of Edn.,* v. *Gibson* (1935), 130 Ohio St. 318, 199 N. E. 185, the syllabus reads:

"1. Immunity attaching to the state does not accrue to the benefit of a board of education or school district.

"2. A board of education or school district, clothed with the capacity to sue and be sued, is thereby rendered amenable to the laws governing litigants, including the plea of the statute of limitations.

"3 Where a statute does not expressly exempt a subordinate political subdivision from its operation, the exemption therefrom does not exist."

Except possibly for the fact that this action is not one brought by the board of education but is one brought against the board of education, the broad language of that syllabus would seem to require a reversal of the judgment of the Court of Appeals. However, the board of education in the instant case contends that our decision in *Board of Edn.* v. *Volk* (1905), 72 Ohio St. 469, 74 N. E. 646 (holding board of education immune from tort liability), and the statement in the opinion in *Wayman* v. *Board of Edn.* (1966), 5 Ohio St. 2d 248, 249, 215 N. E. 2d 394,* are irreconcilable with the broad statements of the syllabus in the *Gibson case.*

In the opinion by Day, J., in the *Gibson case,* it is stated, at page 320:

"That a state is immune from the operation of the statute of limitations is universally recognized. * * * This immunity is an attribute of sovereignty and can only be waived by express provision to that effect within the statute."

---

*"It is well settled that a board of education is a quasi corporation acting for the public as one of the state's ministerial education agencies 'for the organization, administration and control of the public school system of the state.' *Cline* v. *Martin,* 94 Ohio St. 420, 426. There is no statute creating liability in tort. There is no such liability at common law. *Finch* v. *Board of Education of Toledo,* 30 Ohio St. 37; *Board of Education of Cincinnati* v. *Volk,* 72 Ohio St. 469. In short, a board of education is a body corporate and politic of the state of Ohio, and, therefore, a suit against the board is plainly a suit against the government and its property.

"Therefore, most jurisdictions hold that the acts of a board of education in the operation and maintenance of a public school system are immune from liability in damages for tort arising out of negligence."

See also *State* v. *Griftner* (1899), 61 Ohio St. 201, 55 N. E. 612; *Haines* v. *Jones* (1915), 91 Ohio St. 197, 110 N. E. 469; *Lessee of Cincinnati* v. *First Presbyterian Church* (1838), 8 Ohio 298.

The holding of this court in *Board of Edn.* v. *Volk, supra* (72 Ohio St. 469), and the statement in our opinion in *Wayman* v. *Board of Edn., supra* (5 Ohio St. 2d 248, 249), indicate that a board of education is an arm or agency of the state for the promotion of education in the state and is therefore entitled to sovereign immunity. This is entirely inconsistent with the reasoning of Judge Day in his opinion in *State, ex rel. Board of Edn.,* v. *Gibson, supra* (130 Ohio St. 318), where he stated, at page 322:

"A board of education or school district does not partake of the elements of sovereignty and is not entitled to immunity from the statute of limitations."

The board of education in the instant case contends that, under our decision in *Board of Edn.* v. *Volk, supra* (72 Ohio St. 469), and in accordance with the statement in the opinion in *Wayman* v. *Board of Edn., supra* (5 Ohio St. 2d 248, 249), it is an arm or agency of the state and should therefore have the state's sovereign immunity from the operation of the statute of limitations.

Decisions of this court have frequently held or indicated in broad language that the state's sovereign immunity from the operation of the statute of limitations is not available to any subdivision of the state. Thus, in *Oxford Tp.* v. *Columbia* (1892), 38 Ohio St. 87, paragraph two of the syllabus reads:

"Trustees of a township holding title to lands granted to them by the general government for school purposes, are not exempt from the operation of the statute of limitations, in an action prosecuted by them to recover possession of the premises."

See also *Lessee of Cincinnati* v. *First Presbyterian Church, supra* (8 Ohio 298) (holding property dedicated for public use); *Williams* v. *First Presbyterian Society* (1853), 1 Ohio St. 478, 510; *Cincinnati* v. *Evans* (1855), 5 Ohio St. 594, 602, 603 (property dedicated for streets or

public squares); *Hartman* v. *Hunter* (1897), 56 Ohio St. 175, 46 N. E. 577 (assessments to construct township ditches). Cf. annotation, 55 A. L. R. 2d 554.

Except for the statement in *State, ex rel. Board of Edn.,* v. *Gibson, supra* (130 Ohio St. 318), it does not appear that this court has said anything about a contention that there should be a different result because the subdivision was an arm or agency of the state or performing a state governmental function, although our official reports indicate that such a contention was made in some of the foregoing cases. (See 8 Ohio 302, and 5 Ohio St. 594, 599, 601.)

Section 3313.17, Revised Code, reads:

"The board of education of each school district shall be a body politic and corporate, and, as such, capable of suing and being sued, contracting and being contracted with, acquiring, holding, possessing, and disposing of real and personal property, and taking and holding in trust for the use and benefit of such district, any grant or devise of land and any donation or bequest of money or other personal property."

This is substantially the same statute which was in effect when *Board of Edn.* v. *Volk, supra* (72 Ohio St. 469), was decided. (Section 2676, Revised Statutes.) The holding in that case was, in substance, that the capability conferred upon a board of education of suing and being sued was limited to legal actions of the kind that would relate to the other capabilities conferred on the board by the statute, such as that of "contracting and being contracted with, acquiring, holding, possessing, and disposing of real and personal property, and taking and holding in trust for the use and benefit of such district, any grant or devise of land * * *." Since nothing was said in the statute about being sued for or committing a tort, the statute was construed as not authorizing a suit for a tort.

As stated in paragraph two of the syllabus in *Overholser* v. *National Home* (1903), 68 Ohio St. 236, 67 N. E. 487, 96 Am. St. Rep. 658, 62 L. R. A. 936:

"The grant of power to sue and be sued at law and in equity applies to such matters only as are within the

scope of the other corporate powers of the defendant [National Soldiers Home], and it does not authorize such corporation to be sued for a tort"

See also *Wolf* v. *Ohio State University Hospital* (1959), 170 Ohio St. 49, 162 N. E. 2d 475.

By following this line of reasoning, *Board of Edn.* v. *Volk, supra* (72 Ohio St. 469), and the statement in *Wayman* v. *Board of Edn., supra* (5 Ohio St. 2d 248, 249), can be reconciled with the decision in *State, ex rel. Board of Edn.,* v. *Gibson, supra* (130 Ohio St. 318), which was an action on a contractual obligation. Also, this line of reasoning may enable us to reconcile the broad language of the syllabus in the *Gibson case* with the decision in the *Volk case* and the statements in the opinion of the *Wayman case.*

Thus, since Section 3313.17, Revised Code, confers upon a board of education the capacity of "acquiring, holding, possessing, and disposing of real * * * property, and taking and holding in trust for the use and benefit of such district, any grant or devise of land" as well as the capacity to sue and be sued, it may be construed as consenting to a suit with respect to such real property. If such a suit has been consented to by the state, and nothing has been said about the statute of limitations being inapplicable, the authorities generally recognize that such statute will apply.

For the foregoing reasons, we conclude that a private litigant, in an action against a board of education of a local school district, can rely upon adverse possession to obtain title to land held in trust by that board for school purposes.

It follows that the judgment of the Court of Appeals is reversed and final judgment is rendered for the plaintiffs.

*Judgment reversed.*

MATTHIAS, O'NEILL, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.