THE STATE EX REL. WEAN UNITED, INC., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Wean United, Inc. v. Indus. Comm.* (1993), 66 Ohio St.3d 272.]

(No. 92–1990—Submitted March 16, 1993—Decided May 19, 1993.)

274

---

*Vorys, Sater, Seymour & Pease* and *Robert E. Tait,* for appellant.

*Lee I. Fisher,* Attorney General, and *William J. McDonald,* Assistant Attorney General, for appellee Industrial Commission.

*Schiavoni, Schiavoni & Bush* and *Joseph J. Bush III,* for appellee John DiMartino.

---

*Per Curiam.* Claimant has severe health problems that are unrelated to his industrial injury, and no one seriously disputes that he is unable to work. However, a finding of permanent total disability requires a claimant to prove that his or her inability to perform sustained remunerative employment arises *exclusively* from the claim's allowed conditions. *State ex rel. Jennings v. Indus. Comm.* (1982), 1 Ohio St.3d 101, 1 OBR 135, 438 N.E.2d 420; *Fox v. Indus. Comm.* (1955), 162 Ohio St. 569, 55 O.O. 472, 125 N.E.2d 1.

In this case, there are serious problems with the supporting medical evidence and the commission's order itself. As to the former, each of the medical reports cited—Pesa, DePizzo and Brooks—is flawed in its own way. Dr. Brooks, for example, never discusses the key question of claimant's ability to perform sustained remunerative employment. Dr. Pesa also does not discuss that question, limiting his discussion to claimant's ability to return to his former position of employment only. Dr. Pesa, moreover, attributes claimant's inability to return to work in great part to nonallowed conditions. Finally, Dr. DePizzo is the only one who addresses sustained remunerative employment, but bases his opinion on medical *and nonmedical* factors, contrary to *State ex rel. Lawrence v. Am. Lubricants Co.* (1988), 40 Ohio St.3d 321, 533 N.E.2d 344.

The evidentiary problems are compounded by the commission's failure—as demonstrated by its order—to consider nonmedical disability factors. *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946. Dr. Brooks indicates in his report that claimant does possess a partial impairment attributable to his allowed back condition. This together with nonmedical factors could conceivably produce permanent total disability. The commission, therefore, abused its discretion by failing to consider those nonmedical factors, warranting a return of the cause to the commission for further consideration and amended order.

This action, of course, is premised on our finding that laches does not bar this cause of action. Laches is " 'an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party.' " *Connin v. Bailey* (1984), 15 Ohio St.3d 34, 35, 15 OBR 134, 135, 472 N.E.2d 328, 329. Delay, however:

"[D]oes not of itself constitute laches, and in order to successfully invoke the equitable doctrine of laches it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim." *Smith v. Smith* (1959), 168 Ohio St. 447, 7 O.O.2d 276, 156 N.E.2d 113, paragraph three of the syllabus; *State ex rel. Case v. Indus. Comm.* (1986), 28 Ohio St.3d 383, 28 OBR 442, 504 N.E.2d 30.

In finding laches, the court of appeals, through its referee, looked to the nearly four and one-half year gap between the commission's permanent total disability order and appellant's mandamus complaint. The appellate court, however, overlooked a key element of this case—the pendency of the claimant's motion for additional allowance *at the time permanent total disability was awarded.* Appellant persuasively argues that it was premature to protest the permanent total disability decision *before* the additional allowance issue was resolved. Appellant stresses that its evidentiary challenge was viable only if claimant's additional allowance request was denied. Therefore, the point from which we measure the delay, in this case, is not the date of the permanent total disability order, but instead is the date on which claimant's motion for the allowance of additional conditions was finally resolved. Because appellant commenced this action within two weeks of the judgment entry denying the allowed thrombosis condition, we find no unreasonable or unexplained filing delay.

For these reasons, we reverse the judgment of the court of appeals and return the cause to the commission for further consideration of claimant's permanent total disability application. The commission is directed to consider only those conditions formally recognized in the claim as well as the nonmedical factors enumerated in *Stephenson.*

*Judgment reversed.*

MOYER, C.J., A.W. SWEENEY, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., concurs in judgment only.