BRIGHT LOCAL SCHOOL DISTRICT BOARD OF EDUCATION et al., Appellees,

v.

CITY OF HILLSBORO SCHOOL DISTRICT BOARD
OF EDUCATION et al., Appellants.

[Cite as *Bright Local School Dist. Bd. of Edn. v. Hillsboro
School Dist. Bd. of Edn.* (1997), 122 Ohio App.3d 546.]

Court of Appeals of Ohio,
Fourth District, Highland County.

No. 96CA908.

Decided Aug. 28, 1997.

*Ralph W. Phillips*, Highland County Assistant Prosecuting Attorney, for appellees.

*Whalen & Compton Co., L.P.A., R. Brent Minney, G. Frederick Compton, Jr.* and *Elizabeth Grooms Taylor*, for appellant Board of Education of the City of Hillsboro School District.

*Hapner & Hapner* and *James D. Hapner*, for appellant landowners.

STEPHENSON, Presiding Judge.

This case involves two separate appeals from a summary judgment entered by the Court of Common Pleas of Highland County, Ohio, in favor of the Board of Education of the Bright Local School District and the Board of Education of Highland County, plaintiffs below and appellees herein, on their claims against the Board of Education of the City of Hillsboro School District and other individual landowners in Highland County, defendants below and appellants herein.[1] The Hillsboro School District assigns the following error for our review:

"The trial court committed prejudicial error when it overruled the Hillsboro board's motion for summary judgment, sustained the appellees' motion for summary judgment, and declared null and void the resolution of the Highland County board, adopted on July 22, 1968, transferring a tract of land from the Bright Local School District to the Hillsboro City School District."

Additionally, the landowners have assigned their own assignments of error as follows:

I. "The court below erred in granting plaintiff–appellees' motion for summary judgment."

II. "The court below erred in overruling appellants' motion to dismiss."

---

1. The landowners include Don C. Patton, Dorothy I. Patton, John F. Grimes, Joan R. Grimes, Town and County Discount, Inc., William L. Cornelius, Pauline Cornelius, Ben F. Baucom, Loretta Baucom, Ronald J. Gordan, Joseph P. West, Mary Margaret West, John Swafford, Sheila C. Swafford, Mary B. West, Geoffrey L. Base–Smith II, Florence Ann Base–Smith, Larry A. Brunck, Larry R. Roades, and Patty J. Roades.

The record reveals the following facts pertinent to this appeal. Almost thirty years ago, some residents of the Bright School District circulated petitions and received a sufficient number of signatures to request an interdistrict transfer of land. The Highland County Board of Education then adopted a resolution on July 22, 1968, to transfer nine hundred eighteen acres of territory from the Bright School District to the Hillsboro School District. This territory, however, was not contiguous with any part of the Hillsboro School District as required by Ohio law. Nevertheless, the property was transferred and accepted, and most of the school children who have resided within the territory for the last three decades have attended Hillsboro City Schools.

Appellees commenced the action below on June 1, 1993, alleging that the aforementioned nine hundred eighteen acres were not contiguous with the Hillsboro School District and that their transfer back in 1968 was in violation of state law. They requested that the transfer be held null and void and the disputed territory be declared to be a portion of the Bright School District. Appellants filed answers denying the invalidity of the territorial transfer and raising a number of defenses, including laches and statute of limitations. The landowners also filed counterclaims against appellees requesting that, in the event the transfer was held invalid, appellees be required either to (1) amend the July 22, 1968 resolution in order to add additional territory so as to include the disputed region, or (2) compensate them for the drop in their property values that would ensue after a transfer back into the Bright School District.[2]

The parties reached agreement with respect to most of the salient facts of this case and, on July 20, 1994, they filed the following stipulations:

"1. The Board of Education of the Bright Local School District, the Board of Education of the Highland County School District, and the Board of Education of the Hillsboro City School District are the duly constituted and acting boards of education for its respective district.

"* * *

"3. On July 22, 1968, the Highland County Board of Education adopted a resolution providing for the transfer of certain territory consisting of approximately 918 acres from the Bright Local School District to the Hillsboro City School District. * * *

---

**2.** One of these counterclaims was incorrectly designated by the landowners as a cross-claim. A cross-claim is typically a claim by one defendant against another defendant, Black's Law Dictionary (5 Ed.1979) 338, whereas a counterclaim is a claim filed by a defendant in opposition to the plaintiff. *Id.* at 315. Inasmuch as both claims filed by the landowners were against the appellees in this case, they are counterclaims. We will proceed with our analysis using the correct terminology.

"4. The territory transferred by the July 22, 1968 resolution of the Highland County Board of Education was not contiguous with the Hillsboro City School District, and has not been contiguous at any time since that date, as shown by the map of Jackson Township, Highland County. * * *

"5. Most, but not all, of the school-age children who currently reside or at one time resided in the territory have attended the schools of the Hillsboro City School District since the fall of 1968, but at least one child residing in the territory attended the schools of the Bright Local School District until August, 1993."

Based on these stipulations, appellees moved for summary judgment, arguing that the territory transferred was not contiguous with the Hillsboro School District and, thus, the transfer was in violation of state law. It was urged that the 1968 transfer should be declared null and void and the Highland County Auditor ordered to transfer the property back into the Bright School District. The landowners filed a memorandum in opposition, arguing *inter alia* that the claims of appellees were barred by laches and the statute of limitations. An affidavit by William Cornelius, one of the landowners, stated that "[o]ne of the factors leading to his purchase of [his] property was its location in the Hillsboro School District," that "[s]aid property will loose part of its market value if transferred to Bright Local School District," and that "[t]he property would have been worth less at the time of purchase if it had been located in Bright Local School District." This was corroborated by an affidavit from Lowell D. Chambers, a licensed real estate broker and certified residential appraiser, who attested that "residential properties will appraise higher in Hillsboro City School District than in Bright Local School District." Chambers went on to opine that "[i]f the residential properties in the disputed area * * * are transferred to Bright Local School District there will be a perceived diminution in their value."

The Hillsboro School District also filed its own motion for summary judgment, arguing that the claims of appellees were barred by the doctrines of laches and estoppel. It asserted that appellees could not be permitted to cancel and avoid an action which they themselves had voluntarily undertaken almost thirty years earlier.

On December 29, 1994, the trial court entered summary judgment in favor of appellees, finding that the territorial transfer was null and void. It was further determined that the doctrine of laches did not bar appellees from recovery. The lower court found that "[t]here [was] nothing in the factual matter indicating any of the Defendants ha[d] altered their position as a result of the 1968 action." Thus, the court concluded that "laches and estoppel do not apply in this case." An appeal was taken from that judgment and then later dismissed by this court for lack of a final, appealable order. *Bright Local School Dist. Bd. of Edn. v.*

*Hillsboro School Dist. Bd. of Edn.* (Oct. 27, 1995), Highland App. No. 95CA867, unreported, 1995 WL 635740.[3] The matter was returned to the trial court, where, on June 3, 1996, the remaining counterclaims were resolved in favor of appellees. This appeal followed.

We first consider, out of order, the second assignment of error presented by the landowners. They argue that the lower court erred by not dismissing the action below. On June 29, 1993, before filing their answer, the landowners moved to dismiss the case under Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted. Their argument was that a board of education is not a "person" as defined by R.C. 2721.01 and that only a "person" may sue for declaratory judgment under that statute. Given that neither appellee qualified as a person under this statute, the landowners reasoned, declaratory relief could not be obtained and the action should be dismissed. The lower court was not convinced. On August 19, 1993, it overruled the motion, finding that "Boards of Education do have the right to initiate such actions" under R.C. Chapter 2721. The landowners argue that this was error. We disagree.

R.C. 2721.01 states:

"As used in sections 2721.01 to 2721.15, inclusive, of the Revised Code, 'person' means any person, partnership, joint-stock company, unincorporated association, society, municipal corporation, or other corporation." [4]

This is a broad definition and, in our opinion, is wide enough to encompass a school district's board of education. Ohio law provides that "[t]he board of education of each school district shall be a body politic and *corporate,* and, as such, capable of suing and being sued." (Emphasis added.) R.C. 3313.17. The use of the term "corporate" in describing a school board suggests that the board is a corporation, which, as previously set forth, falls within the definition of a "person" for purposes of R.C. Chapter 2721. The landowners counterargue that a board of education is not a "corporation" in the traditional sense of that term. They continue that a board of education must be regarded as a governmental entity that does not come under the statutory definition of a "person" who can

---

**3.** The December 29, 1994 judgment of the trial court did not dispose of the landowners' counterclaims and, further, did not contain the language "no just reason for delay" of Civ.R. 54(B). Thus, it was not a final order such that we would have jurisdiction to review it. See *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64.

**4.** The premise of the landowners' argument is that R.C. 2721.01 permits only a "person" to bring a declaratory judgment action and that any entity which does not fall under the statutory definition of a "person" has no recourse to such relief. Although the provisions of this particular statute do not expressly state that limitation, we will nevertheless presume that that is the case for purposes of reviewing their argument.

commence a declaratory judgment action. We agree with the first part of this argument but reject the latter part.

The Ohio Supreme Court has described a board of education as being only a "quasi corporation" acting for the public as one of the state's ministerial education agencies. *Brown v. Monroe Local School Dist. Bd. of Edn.* (1969), 20 Ohio St.2d 68, 70, 49 O.O.2d 347, 348, 253 N.E.2d 767, 768–769, at fn.; *Wayman v. Akron City School Dist. Bd. of Edn.* (1966), 5 Ohio St.2d 248, 249, 34 O.O.2d 473, 473–474, 215 N.E.2d 394, 395. It is also intuitively logical that a board of education does not fall within the parameters of a traditional for–profit or nonprofit corporation. See, generally, R.C. Chapters 1701 and 1702. However, it does not follow that a board of education must be viewed as a governmental agency. While boards of education are considered agencies of the state for purposes of organizing, administering, and controlling the public school system, they are also separate and apart from the usual political and governmental functions of other subdivisions of the state. *Cline v. Martin* (1916), 94 Ohio St. 420, 426, 115 N.E. 37, 38–39. A board of education is not an "entire sovereignty" unto itself and is to be treated as a private litigant rather than a governmental one. *Ziegler v. Wendel Poultry Serv., Inc.* (1993), 67 Ohio St.3d 10, 19, 615 N.E.2d 1022, 1031; *State ex rel. Tavenner v. Indian Lake Local School Dist. Bd. of Edn.* (1991), 62 Ohio St.3d 88, 90, 578 N.E.2d 464, 465–466; *State ex rel. Springfield City School Dist. Bd. of Edn. v. Gibson* (1935), 130 Ohio St. 318, 322, 4 O.O. 352, 354, 199 N.E. 185, 186–187. This makes it clear that, while a board of education may not fall within the definition of a corporation *per se*, it also cannot be categorized as a governmental agency *per se*. Fortunately, we need not concern ourselves with developing a precise characterization of a board of education.

R.C. 2721.01, as stated previously, defines "person" for purposes of that chapter as including either a corporation or an unincorporated association. These terms are broad enough to include a wide array of organizations. It is our opinion that a quasi–corporation, such as a board of education, would fall somewhere between these two categories. We therefore conclude that a board of education is a "person" for purposes of R.C. Chapter 2721 and is authorized to bring a declaratory judgment action. This conclusion is also consistent with the decision of our colleagues on the Mahoning County Court of Appeals in *Austin-town Local School Dist. Bd. of Edn. v. Mahoning Cty. Bd. of Mental Retardation & Developmental Disabilities* (Nov. 27, 1991), Mahoning App. No. 90 C.A. 27, unreported, 1991 WL 256482. Although the court in that case provided little in the way of analysis to support its ruling, it did conclude (based in part on R.C. 3313.17) that a board of education is a "person" under R.C. 2721.01. *Id.* We

agree for those reasons previously set forth herein. Accordingly, we find no merit in the landowners' first assignment of error and it is hereby overruled.[5]

We now return to the landowners' first assignment of error, which we shall jointly consider along with the error assigned by the Hillsboro School District. Before addressing their merits, however, we would point out that there are several significant facts which remain uncontested in this case. The parties stipulated below that the territory transferred by the Highland County Board of Education back in 1968 is not contiguous, and never has been contiguous, with the Hillsboro School District. There is also no dispute that R.C. 3311.06(B) and its statutory antecedents require that territory within the boundaries of a school district be contiguous. Thus, there is no question that the interdistrict transfer of land back in 1968 was effected in violation of Ohio law. The only issue before the court below, as well as before us on appeal, is whether appellees are precluded from having that transfer declared null and void. Appellants raised a number of affirmative defenses during the proceedings below, including laches and the statute of limitations. They contend that the trial court erred in entering summary judgment for appellees in light of the application of those defenses. We agree.

■ Our analysis begins from the standpoint that appellate review of summary judgment is conducted under a *de novo* standard. *Coventry Twp. v. Ecker* (1995), 101 Ohio App.3d 38, 41, 654 N.E.2d 1327, 1328–1329; *Doner v. Snapp* (1994), 98 Ohio App.3d 597, 600, 649 N.E.2d 42, 43–44; *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265, 271–272. That is to say that we afford no deference whatsoever to the trial court's decision, *Tardy v. Norfolk S. Corp.* (1995), 103 Ohio App.3d 372, 379, 659 N.E.2d 817, 821; *Oiler v. Willke* (1994), 95 Ohio App.3d 404, 407, 642 N.E.2d 667, 669; *Shepherd v. United Parcel Serv.* (1992), 84 Ohio App.3d 634, 641, 617 N.E.2d 1152, 1156–1157, and conduct our own independent review to determine whether summary judgment was appropriate. *McGee v. Goodyear Atomic Corp.* (1995), 103 Ohio App.3d 236, 241, 659 N.E.2d 317, 320; *Schwartz v. Bank One, Portsmouth, N.A.* (1992), 84 Ohio App.3d 806, 809, 619 N.E.2d 10, 11–12; *Howard v. Wills* (1991), 77 Ohio App.3d 133, 139, 601 N.E.2d 515, 518–519. Summary judgment under Civ.R. 56 is deemed appropriate when the movant demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion

---

5. We need not, and do not, reach the issue of whether a governmental entity is precluded from bringing a declaratory judgment action under R.C. Chapter 2721. Since we have found that a board of education does in fact constitute a "person" for purposes of R.C. 2721.01, the availability of such relief to state or local government (or one of its agencies) is irrelevant to our resolution of this case.

is adverse to the opposing party, that party being entitled to have the evidence construed most strongly in his favor. See, generally, *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, at paragraph three of the syllabus; *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, 883–884; *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47–48. It should also be noted that it is the party moving for summary judgment under Civ.R. 56 that bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264, 273; *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 120, 570 N.E.2d 1108, 1113–1114; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801–802.

Appellees failed to carry this initial burden during the proceedings below. Their motion for summary judgment contained no Civ.R. 56(C) evidentiary materials to address the affirmative defenses raised by appellants. Instead, appellees ignored the statute of limitations issue entirely and argued that laches and estoppel would not apply in this case because they were school boards of education and, thus, governmental entities that were immune from the operation of those equitable principles. This argument is as unavailing for appellees as it was for the landowners in their assignment of error.

 It is generally true that laches and estoppel will not apply against state government. See, *e.g.*, *State ex rel. Scioto Cty. Child Support Enforcement Agency v. Gardner* (1996), 113 Ohio App.3d 46, 57, 680 N.E.2d 221, 228 (laches); *Dept. of Adm. Services v. Morrow* (1990), 67 Ohio App.3d 225, 236, 586 N.E.2d 259, 266 (estoppel). However, as previously discussed, a board of education is not a "sovereignty" unto itself and is to be treated as a private litigant. *Ziegler, supra,* 67 Ohio St.3d at 19, 615 N.E.2d at 1031; *State ex rel. Tavenner, supra,* 62 Ohio St.3d at 90, 578 N.E.2d at 465–466; *State ex rel Springfield City School Dist. Bd. of Edn., supra,* 130 Ohio St. at 322, 4 O.O. at 354, 199 N.E. at 186–187. Boards of education do not enjoy sovereign immunity, *State ex rel. Springfield City School Dist. Bd. of Edn., supra,* at paragraph one of the syllabus; they are not exempt from the operation of statutes of limitations, *Beavercreek Local Schools v. Basic, Inc.* (1991), 71 Ohio App.3d 669, 684–685, 595 N.E.2d 360, 369–371; see, also, *Ohio Dept. of Transp. v. Sullivan* (1988), 38 Ohio St.3d 137, 139, 527 N.E.2d 798, 799–800; nor are they free from application of adverse possession, *Brown, supra,* 20 Ohio St. 2d at 70, 49 O.O.2d at 348, 253 N.E.2d at 768–769. These cases make it clear that boards of education do not enjoy the same immunities as state government.

 This is also true with respect to application of the equitable doctrines of laches and estoppel. In the case of *Warren Twp. Rural School Dist. Bd. of Edn.*

*v. Warren City School Dist. Bd. of Edn.* (1929), 121 Ohio St. 213, 167 N.E. 872, the Ohio Supreme Court affirmed a ruling that equity would not permit an avoidance of an interdistrict transfer of land which had been improperly effected seven years earlier. The facts of that case involved a petition in 1921 to transfer eighty-one acres from a township school district to a city school district. This transfer was made by the county board of education and was accepted by the city school district. As a result thereof, the city school district issued additional bonds and agreed to pay some of the indebtedness of the township school district. Those actions indicated a change of financial position in reliance on the validity of the transfer. Seven years later, in 1928, the township school district brought suit to avoid and annul the 1921 land transfer. There was no question in that case that the petition precipitating the transfer had been flawed under Ohio law. The Supreme Court even noted that the board of education's interpretation of state law was erroneous and "if objection had been made at the time, it would have been the duty of the board to reject the petition and refuse to take any action thereon." *Id.* at 217, 167 N.E. at 873. Nevertheless, the court noted that the "lapse of time and the changes which have been made by reason of the action taken in 1921" presented a "different situation." *Id.* at 218, 167 N.E. at 873. Judgment had been entered against the plaintiff by the court of appeals on the grounds of "the *laches* of the township district and [because] it was *estopped* at this late date to complain of the action of 1921." (Emphasis added.) *Id.* at 219, 167 N.E. at 874. The Supreme Court held that Ohio law supported the ruling of the court of appeals and, thus, affirmed its judgment. *Id.* Although there are some minor factual differences between that case and the cause *sub judice*, the same principles apply here. Appellees herein are not immune from application of the doctrines of laches and estoppel and would not have been entitled to summary judgment in their favor if there remained a genuine issue of material fact with respect to their applicability in this case. As mentioned previously, they failed to carry their initial burden under Civ.R. 56(C) to show that those defenses would not apply. It was therefore error to enter judgment in their favor.

That error was further compounded when one considers the evidentiary materials submitted by appellants. Cornelius attested in his affidavit that one of the factors which led him to purchase his property was "its location in the Hillsboro School District." He also stated that his property would lose part of its value if transferred back to the Bright School District. This was corroborated by the expert opinion of Chambers, who warned that residential properties in the disputed area would suffer a "diminution in their value" if transferred back to that district.

The law is well settled that laches is an omission to assert a right for an unreasonable and unexplained length of time under circumstances prejudicial to

the adverse party. *State ex rel. Wean United, Inc. v. Indus. Comm.* (1993), 66 Ohio St.3d 272, 275, 611 N.E.2d 828, 830; *Connin v. Bailey* (1984), 15 Ohio St.3d 34, 35, 15 OBR 134, 134–135, 472 N.E.2d 328, 329. In order to invoke the equitable doctrine of laches, it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting its claim. *Emrick v. Multicon Builders, Inc.* (1991), 57 Ohio St.3d 107, 111, 566 N.E.2d 1189, 1194–1195; *Wright v. Oliver* (1988), 35 Ohio St.3d 10, 11, 517 N.E.2d 883, 884–885; *State ex rel. Case v. Indus. Comm.* (1986), 28 Ohio St.3d 383, 385, 28 OBR 442, 443–444, 504 N.E.2d 30, 33–34. The affidavits of Cornelius and Chambers clearly raise a genuine issue of material fact as to the application of laches. Cornelius bought his property in part because it was located in the Hillsboro School District. This was presumably a more desirable school district for him, and he will be materially prejudiced if his land is relocated into the Bright School District. More important, however, the expert opinion of Chambers is that the properties located in the disputed area will experience a diminution in their value if transferred out of the Hillsboro School District. A loss of property value and the resultant decrease in personal wealth is most certainly prejudicial to the landowners in that area. Furthermore, it was patently unreasonable for appellees to wait almost thirty years to bring an action to void the transfer. County engineers are required to keep plats and other records of the land located within their counties. See, generally, R.C. 315.25 through R.C. 315.31. A review of those records would certainly have shown that the property to be transferred was not contiguous with the Hillsboro School District. Appellees knew, or should have known, that the transfer was in violation of law back in 1968. They nevertheless waited almost three decades before attempting to set it aside. This was unreasonable. For these reasons, we conclude that appellants raised a genuine issue of material fact with respect to the application of laches in this case.

 Finally, we agree with the landowners that this case was barred by the statute of limitations. A civil action, unless a different limitation period is prescribed by statute, can be commenced only within the period prescribed in R.C. 2305.03 to 2305.22. R.C. 2305.03. Our review of that chapter does not indicate a precise limitation period that would apply to this case. There is a twenty-one-year period for bringing an action to recover title or possession of real estate. R.C. 2305.04. However, this was not exactly the relief being sought here. There is also a general ten-year limitations period for actions not other-wise provided for in that chapter. R.C. 2305.14. It is largely irrelevant whether this statute or any of the other ones would apply. More than twenty-five years elapsed between the time the disputed property was transferred and the suit below was commenced. This exceeds any relevant limitation period specified in R.C. Chapter 2305. Appellees do not cite any more appropriate limitations

period that would not yet have run, and we have found none in our own research. We therefore find that the cause *sub judice* was barred by the statute of limitations.

In summary, appellees failed to carry their initial burden on summary judgment to show that there was no genuine issue of material fact and that they were entitled to judgment as a matter of law. Appellants, on the other hand, successfully demonstrated that there was a genuine issue of material fact with respect to whether appellees' claim was barred under the doctrine of laches. They also showed that this case was commenced after any of the pertinent statutes of limitations had run. The landowners first assignment of error and the error assigned by the Hillsboro School District are therefore sustained. The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.[6]

*Judgment reversed*
*and cause remanded.*

KLINE, J., concurs.

HARSHA, Judge, concurring.

I concur in judgment and opinion, but remain consistent in my belief that the appropriateness of legal defenses such as laches or estoppel depends more upon the facts of a specific case than upon the mere presence of a governmental agency as a party. I do not believe that the Supreme Court has said that these doctrines are never available as a matter of law as a legal defense against government entities; rather, the court's reluctance to impose estoppel and/or laches relates more to the specific facts of the case. In other words, while these defenses are available, *i.e.*, they state a legal defense, they have been held to be inapplicable under specific fact patterns. See *Adams Cty. Child Support Enforcement Agency v. Osborne* (May 3, 1996), Adams App. No. 95CA592, unreported, 1996

---

**6.** Appellants both request that final judgment be entered in their favor. Due to the procedural history of this case below, that alternative is not properly before us at this time. The landowners never filed a motion for summary judgment in their favor. All of their arguments were, instead, raised in opposition to appellees' motion. Thus, we cannot conclude that the trial court erred in failing to enter judgment in their favor. We can rule only that it was error to rule in favor of appellees. The Hillsboro City School District did file a motion for summary judgment but raised only the issues of laches and estoppel. We agree that laches remains a genuine issue of material fact in this case. However, with only one affidavit from one landowner, the application of that doctrine has not been conclusively proven as a matter of law. We would nevertheless anticipate that, on remand and upon presentation of an appropriate motion, a judgment will be entered by the trial court in accordance with this opinion.

WL 230038, and *Athens Cty. Property Owners Assn. v. Athens* (Aug. 26, 1992), Athens App. No. 1482, unreported, 1992 WL 209497 (Harsha, J., concurring in part and dissenting in part). Thus, I express my reluctance to join in the statement, "It is generally true that laches and estoppel will not apply against state government."