ADAMS COUNTY/OHIO VALLEY SCHOOL DISTRICT
BOARD OF EDUCATION, Appellant,

v.

SOUTH CENTRAL OHIO EDUCATIONAL SERVICE
CENTER GOVERNING BOARD, Appellee.

[Cite as *Adams Cty./Ohio Valley School Dist. Bd. of Edn. v. S. Cent. Ohio Edn. Serv. Ctr. Governing Bd.*, 158 Ohio App.3d 253, 2004-Ohio-4256.]

Court of Appeals of Ohio,
Fourth District, Adams County.

No. 04CA784.

Decided Aug. 10, 2004.

254

Ennis, Roberts & Fischer, L.P.A., C. Bronston McCord III and David J. Lampe, for appellant.

Bricker & Eckler, Kimball H. Carey and Dane A. Gaschen, for appellee.

HARSHA, Judge.

{¶ 1} After the South Central Ohio Educational Service Center Governing Board ("ESC") adopted a resolution to create a new local school district, the Adams County/Ohio Valley School District Board of Education filed an action to declare the resolution invalid under the Ohio Sunshine Act. The trial court granted ESC's motion for judgment on the pleadings. The board of education appeals and contends that the court erred in concluding that it lacked the legal capacity to bring a claim for violation of Ohio's Sunshine Law, R.C. 121.22. Specifically, the board of education argues that its lack of standing under the statute controlling the creation of a new local school district, R.C. 3311.26, does not preclude it from pursuing a claim for violation of R.C. 121.22. We agree. Because R.C. 3311.26 and 121.22 are separate and unrelated statutes, the board's inability to challenge the creation of a new school district under R.C. 3311.26 does not affect its standing under R.C. 121.22. Accordingly, we reverse the trial court's judgment.

{¶ 2} In August 2002, ESC accepted a proposal that requested the creation of a new local school district. The proposed district's boundaries included territory located within the existing Adams County/Ohio Valley School District. Subsequently, ESC held a special meeting to decide whether it should create the new local school district. At the conclusion of the meeting, ESC adopted a resolution proposing the creation of the Peebles Local School District.

{¶ 3} In December 2002, a number of residents from the proposed school district filed petitions with ESC seeking a referendum on the resolution. The petitions were forwarded to the Adams County Board of Elections, which found that 687 of the 1108 signatures on the petitions were invalid. Because the number of invalid signatures rendered the petitions insufficient under R.C.

3311.26, the board of elections rejected the petitions. ESC asked the board of elections to reconsider its decision and place the matter on the ballot, but the board refused. Consequently, ESC filed a mandamus action seeking to compel the board of elections to place the issue on the primary ballot. On October 1, 2003, we denied ESC's petition for a writ of mandamus. See *State ex rel. S. Cent. Ohio Edn. Serv. Ctr. Governing Bd. v. Adams Cty. Bd. of Elections,* Adams App. No. 03CA761, 2003-Ohio-5273, 2003 WL 22272606. Five days later, ESC adopted a resolution creating the Peebles Local School District.

{¶ 4} In November 2003, the board of education filed a complaint against ESC seeking declaratory and injunctive relief. In its complaint, the board alleged that the resolutions adopted by ESC were invalid because (1) ESC violated R.C. 121.22 and (2) ESC failed to comply with R.C. 3311.26. ESC responded by filing an answer and a motion for judgment on the pleadings. Relying on *Marion Local School Dist. Bd. of Edn. v. Marion Cty. Bd. of Edn.* (1958), 167 Ohio St. 543, 5 O.O.2d 216, 150 N.E.2d 407, ESC argued that the board of education lacked standing to challenge the creation of the new school district under R.C. 3311.26. In addition, ESC argued that the board was not a person and, thus, it lacked standing to pursue a claim for violation of R.C. 121.22. The board subsequently dismissed its claim under R.C. 3311.26.

{¶ 5} In January 2004, the trial court granted ESC's motion for judgment on the pleadings. The court concluded that the board of education was a person for purposes of R.C. 121.22. However, the court found that the board's inability to challenge the creation of the new school district under R.C. 3311.26 precluded it from pursuing a claim for violation of R.C. 121.22. The court stated: "The *Marion Local* case stands for the proposition that a local board of education is precluded by [R.C. Chapter 3311] from protesting the action of a county board (now known as educational service center) in creating new school districts. To allow plaintiff to proceed by way of a Sunshine Law violation would be to allow plaintiff to accomplish indirectly what they are prohibited by *Marion Local* from doing directly. For this reason, the Court agrees * * * that plaintiff has no legal capacity to challenge the defendant, ESC's action(s) relative to the creation of the Peebles Local School District." The board of education now appeals and raises the following assignment of error: "The trial court erred to the prejudice of Adams County in granting Defendant/Appellee's motion for judgment on the pleadings."

{¶ 6} A Civ.R. 12(C) motion for judgment on the pleadings presents only questions of law.[1] *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 166, 63

---

1. The record contains a request from the appellant for a transcript. The court reporter subsequently filed a notice indicating that she had prepared the transcript and would file it

O.O.2d 262, 297 N.E.2d 113. Under Civ.R. 12(C), a dismissal is appropriate "where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931. See, also, *Whaley v. Franklin Cty. Bd. of Commrs.* (2001), 92 Ohio St.3d 574, 581, 752 N.E.2d 267. Thus, a court can grant a Civ.R. 12(C) motion only if there are no disputed material facts and the pleadings show that the movant is entitled to judgment as a matter of law. See *Pontious,* 75 Ohio St.3d at 570, 664 N.E.2d 931. When reviewing a trial court's decision granting a motion for judgment on the pleadings, we conduct a de novo review of the legal issues without deference to the trial court's determination. *Fontbank, Inc. v. CompuServe, Inc.* (2000), 138 Ohio App.3d 801, 807, 742 N.E.2d 674.

{¶ 7} Subject to specific limited exceptions, R.C. 121.22, commonly known as the Sunshine Law, requires all meetings of a public body to be open and public. A resolution of the public body is invalid unless adopted in an open meeting. R.C. 121.22(H). Additionally, a resolution that was formally adopted in an open meeting but that results from secret or private deliberations is invalid, again subject to limited exceptions. Id.

{¶ 8} Under R.C. 121.22(I)(1), "any person" may bring an action to enforce the open meeting requirements. Because the statute does not define "person," we must look to the definition contained in R.C. 1.59(C). R.C. 1.59 states: "As used in any statute, unless another definition is provided in such statute or a related statute * * * (C) 'Person' includes an individual, corporation, business trust, estate, trust, partnership, and association."

{¶ 9} In its motion for judgment on the pleadings, ESC argues that the board of education is not a "person" as defined in R.C. 1.59(C). It argues that the definition of person does not include any type of public body or governmental agency and, therefore, a public board of education is not a person. To support its argument, ESC relies on the decision of the Supreme Court of Ohio in *Thaxton v. Medina City Bd. of Edn.* (1986), 21 Ohio St.3d 56, 21 OBR 357, 488 N.E.2d 136. In response, the board of education relies on our decision in *Bright Local School Dist. Bd. of Edn. v. Hillsboro School Dist. Bd. of Edn.* (1997), 122 Ohio App.3d 546, 702 N.E.2d 449, to support its argument that it is a person under R.C. 1.59(C).

upon receipt of payment. However, the transcript is not part of the record. Nonetheless, a transcript is unnecessary because the appeal involves a motion for judgment on the pleadings rather than the evidence produced at trial.

{¶ 10} In *Bright,* 122 Ohio App.3d 546, 702 N.E.2d 449, we addressed whether a board of education is a person for purposes of R.C. Chapter 2721. R.C. 2721.01 defined "person" as "any person, partnership, joint-stock company, unincorporated association, society, municipal corporation, or other corporation." Id. at 551, 702 N.E.2d 449. In *Bright,* we found that the use of the term "corporate" in describing a board of education, see R.C. 3313.17, seemed to suggest that the board is a corporation. Id. However, we recognized that a board of education does not fall within the definition of a corporation per se. Id. at 552, 702 N.E.2d 449. In fact, we noted that the Supreme Court of Ohio has described a board of education as being only a "quasi corporation." Id., citing *Brown v. Monroeville Local School Dist. Bd. of Edn.* (1969), 20 Ohio St.2d 68, 49 O.O.2d 347, 253 N.E.2d 767, and *Wayman v. Akron City School Dist. Bd. of Edn.* (1966), 5 Ohio St.2d 248, 34 O.O.2d 473, 215 N.E.2d 394. Although we recognized that a board of education does not fall within the definition of corporation per se, we also recognized that it cannot be categorized as a governmental agency per se. *Bright,* 122 Ohio App.3d at 552, 702 N.E.2d 449. In the end, we found it unnecessary to develop a precise characterization of a board of education. Id. Instead, we stated: "R.C. 2721.01 * * * defines 'person' for purposes of that chapter as including either a corporation or an unincorporated association. These terms are broad enough to include a wide array of organizations. It is our opinion that a quasi-corporation, such as a board of education, would fall somewhere between these two categories." Id. Thus, we concluded that a board of education is a person for purposes of R.C. Chapter 2721. Id.

{¶ 11} Like the definition of "person" in R.C. 2721.01, the definition of "person" in R.C. 1.59(C) includes either a corporation or an association. As we noted in *Bright,* a quasi-corporation, such as a board of education, would fall somewhere between these two categories. *Bright,* 122 Ohio App.3d at 552, 702 N.E.2d 449. Thus, we conclude that a board of education is a "person" as defined in R.C. 1.59(C).

{¶ 12} ESC argues that the decision of the Supreme Court of Ohio in *Thaxton,* 21 Ohio St.3d 56, 21 OBR 357, 488 N.E.2d 136, supports its argument that the board of education is not a "person" under R.C. 1.59(C). In *Thaxton,* the Supreme Court held: "A public board of education is not a 'person,' as defined in R.C. 1331.01(A), when the board operates within its clear legal authority." Id., syllabus. However, the definition of "person" contained in R.C. 1331.01(A) applies exclusively to R.C. Chapter 1331. R.C. 1331.01. See, also, *Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities v. Professionals Guild of Ohio* (1989), 46 Ohio St.3d 147, 151, 545 N.E.2d 1260. Therefore, it has no bearing on whether the board of education is a person for purposes of R.C. 121.22. See *Hamilton Cty. Bd.,* 46 Ohio St.3d at 151, 545 N.E.2d 1260 (finding

that R.C. 1331.01(A)'s definition of "person" is inapplicable to a determination of whether a county board of mental retardation and developmental disabilities is a "person" under R.C. 119.01(F)).

■ {¶ 13} Although the trial court found that the board of education is a person for purposes of R.C. 121.22, it concluded that the board's inability to challenge the creation of the new school district under R.C. 3311.26 precluded it from bringing a claim for violation of R.C. 121.22. The board counters that this conclusion is erroneous, as a cause of action under R.C. 121.22 "is completely separate and distinct in both law and fact" from a cause of action under R.C. 3311.26. ESC, on the other hand, argues that the trial court's conclusion is a "reasonable, logical, and practical application" of the Supreme Court's decision in *Marion Local,* 167 Ohio St. 543, 5 O.O.2d 216, 150 N.E.2d 407. ESC argues that while a board of education might otherwise have standing to maintain a particular type of action, it loses that standing when the intended effect of that action is to invalidate the creation of a new local school district.

{¶ 14} R.C. 3311.26 governs the creation of new local school districts. Under former R.C. 3311.26, governing boards of educational service centers had the authority to create a new local school district.[2] Former R.C. 3311.26, at the time ESC proposed creation of the new district, provided: "A governing board of an educational service center may * * * propose the creation of a new local school district from one or more local school districts or parts thereof * * *. A governing board of a service center proposing the creation of a new district * * * shall at its next regular meeting that occurs not earlier than thirty days after the adoption by the governing board of the resolution proposing such creation, adopt a resolution making the creation effective prior to the next succeeding first day of July, unless, prior to the expiration of such thirty-day period, qualified electors residing in the area included in such proposed new district, equal in number to thirty-five per cent of the qualified electors voting at the last general election, file a petition of referendum against the creation of the proposed new district." 146 Ohio Laws, Part I, 1147–1148.

{¶ 15} In *Marion Local,* 167 Ohio St. 543, 5 O.O.2d 216, 150 N.E.2d 407, the Supreme Court of Ohio addressed whether a local board of education could challenge the validity and propriety of a change in the boundaries of its district. At the time, R.C. 3311.22 gave county boards of education[3] the authority to "transfer a part or all of a school district of the county school district to an

---

2. The current version of the statute, which took effect September 26, 2003, gives the state board of education the authority to create new local school districts.

3. County school districts are now known as educational service centers. County boards of education are now known as governing boards of educational service centers.

adjoining district or districts of the county school district." Id. at 545, 5 O.O.2d 216, 150 N.E.2d 407; 1953 H.B. No. 1. However, the statute provided: "Such transfer shall not take effect if, within thirty days after the filing of [the] map, a majority of the qualified electors residing in the territory transferred * * * file with the county board of education a written remonstrance against such transfer." Id. at 546, 5 O.O.2d 216, 150 N.E.2d 407. In *Marion Local,* the Supreme Court concluded that R.C. 3311.22 did not give local boards of education any voice in a proposed transfer of territory. Id. at 546, 5 O.O.2d 216, 150 N.E.2d 407. The court stated: "The provisions of Chapter 3311 of the Revised Code, relative to the transfer of territory of school districts *and the creation of new school districts* by a county board of education, limit the right to protest the action of a county board exclusively to qualified electors, and give to local boards no voice in transfer proceedings and no right to protest the transfer of territory. Therefore, the [local board] has no legal interest in the action of the county board * * * and is not entitled to maintain the instant action." Id. (Emphasis added.)

{¶ 16} Under *Marion Local,* 167 Ohio St. 543, 5 O.O.2d 216, 150 N.E.2d 407, local school boards such as the Adams County/Ohio Valley School District Board of Education are precluded from challenging the creation of a new local school district under R.C. Chapter 3311. However, nothing in *Marion Local* suggests that the boards are also precluded from pursuing a claim for violation of R.C. 121.22. R.C. 3311.26 and 121.22 are two separate, unrelated statutes. We can find no authority, nor has ESC cited any, that indicates that the inability to pursue a claim under one statutory scheme negates a person's standing to seek redress under a separate and discrete statute.

{¶ 17} This is not a situation where we are required to read the two statutes in pari materia. That rule provides that statutes relating to the same subject matter should be construed together. See *Hughes v. Bur. of Motor Vehicles* (1997), 79 Ohio St.3d 305, 308, 681 N.E.2d 430, and *State v. Leichty* (1993), 68 Ohio St.3d 37, 39, 623 N.E.2d 48. Here we deal with two separate and distinct subjects: open meetings for public bodies and the creation of new local school districts. For the same reason, one cannot successfully argue that this is a case where a general statute is in irreconcilable conflict with and must give way to a specific statute. See R.C. 1.51 and *United Tel. Co. v. Limbach* (1994), 71 Ohio St.3d 369, 372, 643 N.E.2d 1129 (discussing the resolution of related but potentially conflicting statutes, both dealing with taxable personal property, i.e., the same subject).

{¶ 18} In its decision, the trial court found that allowing the board to proceed by way of R.C. 121.22 would allow it "to accomplish indirectly what [it is] prohibited by *Marion Local* from doing directly." We disagree, for what the trial court views as "indirect" we view as separate and discrete. It is true that a

successful Sunshine Law action would result in invalidation of the resolutions. However, the board's Sunshine Law claim does not challenge the validity or propriety of the new school district. It simply challenges the process that ESC used to adopt the resolutions creating the district. In such an action, the content of the resolutions themselves is not the focal point. Indeed, the focus of the board's Sunshine Law claim is whether ESC complied with the open-meeting requirements. We recognize that it may be necessary to consider the contents of a resolution in order to determine whether a resolution adopted in an open meeting resulted from deliberations occurring in a meeting not open to the public. However, this is in no way a challenge to the contents of the resolution. Rather, the focus remains on the process used to adopt the resolution. If ESC has complied with the Sunshine Law, the resolution stands and the board will have no recourse on the merits of the decision to create a new district. Thus, the board's Sunshine Law claim is not an improper attempt to challenge the creation of the new local school district.

{¶ 19} In summary, we conclude that the board of education is a person for purposes of R.C. 121.22 and is authorized to bring a claim for violation of R.C. 121.22. Furthermore, because R.C. 311.26 and 121.22 are separate and unrelated statutes with separate and discrete remedial provisions, the board's inability to challenge the validity of the new school district under R.C. 3311.26 does not affect its standing under R.C. 121.22. Accordingly, we reverse the trial court's judgment and remand this cause for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

KLINE, P.J. and PETER B. ABELE, J., concur.