THE STATE OF OHIO, APPELLEE, *v.*
HOSTETLER, APPELLANT.

(No. CA86-07-017 — Decided
February 2, 1987.)

*R. David Picken,* prosecuting attorney, and *Alice L. Robinson,* for appellee.
*David H. Jackman,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Madison County Municipal Court.

On May 23, 1986, defendant-appellant, Gary L. Hostetler, was driving a farm tractor with a cultivator on a two-lane road in Madison County. The cultivator, normally forty feet wide, was folded to a width of twenty-one feet while on the highway.

Although appellant's vehicle was as far to the right as it could go, approximately four feet of the cultivator extended into the opposite lane. As appellant rounded a curve, a pickup truck driven by Edward Albright approached in its own lane from the opposite direction. Although appellant stopped his vehicle and turned on his flashing lights, Albright's vehicle collided with the cultivator. Albright testified that he did not see appellant's vehicle until he was approximately ten feet from it.

Appellant was charged with driving left of center in violation of R.C. 4511.25, and was subsequently convicted in Madison County Municipal Court. He was ordered to pay costs, and points were assessed against his driver's license pursuant to R.C. 4507.40(G)(12) (now R.C. 4507.021 [G][12]).

Appellant timely filed the instant appeal presenting two assignments of error, the first of which states:

"The court erred in finding appellant guilty of [a] violation of Ohio Revised Code Section 4511.25 as such finding was against the weight of the evidence and contrary to law."

R.C. 4511.25 provides in relevant part:

"(A) Upon all roadways of sufficient width, a vehicle or trackless trolley shall be driven upon the right half of the roadway * * *."

However, R.C. 5577.05 provides:

"No vehicle shall be operated upon the public highways, streets, bridges, and culverts within the state, whose dimensions exceed those specified in this section.

"* * *

"* * * This section does not apply to * * * farm machinery and equipment.* * *"

Thus, appellant had the right to operate the cultivator on the highways of this state, even though by necessity some part of the equipment would extend across the center line of some roadways.

The next issue, then, is whether a vehicle lawfully upon a roadway despite its excessive width is exempted from the general rule requiring that a vehicle be driven entirely on the right half of the roadway.

" 'It is a fundamental rule of statutory construction that sections

and acts in pari materia, that is "in relation to the same matter, subject or object" should be construed together. * * *' " *Maple Hts. Teachers Assn.* v. *Maple Hts. Bd. of Edn.* (1983), 6 Ohio St. 3d 314, 317, 6 OBR 374, 376, 453 N.E. 2d 619, 621, quoting 50 Ohio Jurisprudence 2d (1961) 189, Statutes, Section 216. "Where statutes or rules upon the same subject matter are to be construed, the doctrine of *in pari materia* favors consistent, as opposed to inconsistent, construction. * * *" *Austin* v. *Miami Valley Hospital* (1984), 19 Ohio App. 3d 231, 232, 19 OBR 382, 384, 483 N.E. 2d 1185, 1187.

It would be inconsistent to permit over-width farm vehicles to use Ohio roadways, yet hold the drivers of those vehicles criminally liable for doing so because the width of the vehicle extends too far to the left. Accordingly, this court construes the meaning of "sufficient width" as contained in R.C. 4511.25 to be the width sufficient to allow a vehicle lawfully on the roadway to remain in the right half of the roadway. The uncontroverted evidence shows that appellant was driving as far to the right as he could go. Even then, approximately four feet of the vehicle protruded over the center of the roadway. It is apparent, then, that the roadway was not of sufficient width to allow appellant to drive entirely on the right half of the roadway.

Accordingly, appellant's first assignment of error is sustained.

Appellant asserts as his second assignment of error that the court erred in reporting the conviction to the Bureau of Motor Vehicles. Because of our disposition of the first assignment of error, appellant's second assignment of error is also sustained.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and appellant is discharged.

*Judgment reversed and defendant discharged.*

KOEHLER, P.J., JONES and HENDRICKSON, JJ., concur.