THE STATE OF OHIO, APPELLANT, *v.* LEICHTY, APPELLEE.

[Cite as *State v. Leichty* (1993), 68 Ohio St.3d 37.]

(No. 92–1045—Submitted September 15, 1993—Decided December 15, 1993.)

*Joseph R. Kiacz,* for appellant.

WRIGHT, J.   This case presents the narrow issue of whether R.C. 4511.25 and 5577.05 are to be read *in pari materia.*   We hold that they are.

R.C. 5577.05 states as follows:

"No vehicle shall be operated upon the public highways, streets, bridges, and culverts within the state, whose dimensions exceed those specified in this section.

" * * *

" * * * This section does not apply to * * * farm machinery and equipment. * * * "

The statute clearly creates an exception that allows Leichty to operate his farm machinery on state highways even though the equipment may exceed maximum width, length and height requirements of R.C. 5577.05.[1]

Nevertheless, R.C. 4511.25 places criminal liability on those who operate a vehicle left of center.   R.C. 4511.25 provides:

"(A) Upon all roadways *of sufficient width,* a vehicle or trackless trolley shall be driven upon the right half of the roadway, except as follows:

"(1) When overtaking and passing another vehicle proceeding in the same direction, or when making a left turn under the rules governing such movements;

---

1.   Without the exemption, Leichty would be forced to request a permit to operate an oversize vehicle each time he found it necessary to move his farm machinery on Ohio's public roads.   R.C. 4513.34.

"(2) When an obstruction exists making it necessary to drive to the left of the center of the highway; provided, any person so doing shall yield the right of way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway within such distance as to constitute an immediate hazard;

"(3) When driving upon a roadway divided into three or more marked lanes for traffic under the rules applicable thereon;

"(4) When driving upon a roadway designated and posted with signs for one-way traffic;

"(5) When otherwise directed by a police officer or traffic control device." (Emphasis· added.)

It is a fundamental rule of statutory construction that statutes relating to the same subject matter should be construed together. *Maple Hts. Teachers Assn. v. Maple Hts. Bd. of Edn.* (1983), 6 Ohio St.3d 314, 317, 6 OBR 374, 376, 453 N.E.2d 619, 621. "In Ohio and elsewhere the generally accepted rule is that statutes relating to the same subject or matter, although passed at different times and making no reference to each other, are *in pari materia* and should be read together to ascertain and effectuate if possible the legislative intent." *State ex rel. Pratt v. Weygandt* (1956), 164 Ohio St. 463, 466, 58 O.O. 315, 316–317, 132 N.E.2d 191, 194. Consistent with this court's holdings, when rules or statutes that relate to the same subject matter are construed, "the doctrine of *in pari materia* favors consistent, as opposed to inconsistent, construction." *Austin v. Miami Valley Hosp.* (1984), 19 Ohio App.3d 231, 232, 19 OBR 382, 384, 483 N.E.2d 1185, 1187.

In *State v. Hostetler* (1987), 34 Ohio App.3d 294, 518 N.E.2d 56, the Court of Appeals for Madison County addressed the same issue and fact situation that is presented in the case *sub judice*. In a well-reasoned opinion the *Hostetler* court stated: "It would be inconsistent to permit over-width farm vehicles to use Ohio roadways, yet hold the drivers of those vehicles criminally liable for doing so because the width of the vehicle extends too far to the left." *Id.* at 295, 518 N.E.2d at 58. We adopt that court's holding in construing "the meaning of 'sufficient width' as contained in R.C. 4511.25 to be the width sufficient to allow a vehicle lawfully on the roadway to remain in the right half of the roadway." *Id.* When an oversize farm vehicle, lawfully on the road pursuant to R.C. 5577.05, is too wide to be operated entirely to the right of the center line and therefore necessarily extends into the left lane, the roadway is not a roadway "of sufficient width" for purposes of R.C. 4511.25.

Both parties stipulated to the measurements of the roadway and the disk planter. In addition, they agreed that even though Leichty may have been able to maneuver another twelve inches towards the guardrail, at least two feet of the machinery would still have protruded over the center line. The court is bound by

these stipulations. Consequently, it is apparent the roadway was not of sufficient width to allow Leichty to drive entirely right of center. Because Leichty was operating a piece of farm machinery exempted from the maximum width, height and length requirement of R.C. 5577.05, and too wide to fit on the right half of the roadway, the doctrine of *in pari materia* requires us to hold that he did not violate R.C. 4511.25 by driving left of center.[2] Any other holding would create the anomalous result of the Ohio Revised Code expressly permitting farmers to drive their oversize equipment on public highways while the same code subjects them to criminal prosecution if caught doing so.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., dissents.

---

2. The court notes that both this case and the *Hostetler* case concern accidents involving oversize farm equipment being operated on public roadways after dark. The doctrine of *in pari materia* presumes the Ohio General Assembly legislates with full knowledge of statutory provisions related to the same subject matter. Because R.C. 5577.05 makes no reference to driving after dark, the interpretation the court makes today may continue to lead to troublesome results when these farm vehicles are operated at night. We understand that the legislature must balance the interest of public safety against the need for farmers to move their machinery on public roads. However, the General Assembly might consider the end reached by the Michigan legislature, which, like Ohio, exempts farm equipment from maximum width, length and height requirements, but, unlike Ohio, does not permit this equipment to be operated left of center from one-half hour after sunset until one-half hour before sunrise. Mich.Comp.Laws Ann. 257.717.