DECISION
{¶ 1} Plaintiff-appellant, Howard M. Hackman, appeals from a judgment of the Franklin County Court of Common Pleas overruling Hackman's motion for Civ.R. 60(B) relief without conducting an evidentiary hearing. Hackman assigns a single error:
{¶ 2} "The trial court abused its discretion when it denied plaintiff/appellants [sic] a hearing on the issues presented in their [sic] 60(B) motion." Because the trial court did not err in overruling Hackman's Civ.R. 60(B) motion without an evidentiary hearing, we affirm.
{¶ 3} On September 14, 1998, Hackman filed a complaint against defendant-appellee, Thomas Maney, seeking damages for breach of contract and conversion arising out of the parties' agreement "to practice law at the same office with shared secretarial support." (Complaint, ¶ 3.) Defendant filed an answer and counterclaim, as well as a third-party complaint against Howard Hackman Co., LPA.
{¶ 4} Ultimately, the matter was submitted to mediation. On November 30, 1999, the mediator issued a report indicating the parties had requested the court set the matter for binding high/low arbitration, with stipulated conditions, pursuant to the local rules on arbitration. By order filed December 2, 1999, the trial court ordered binding arbitration in accordance with guidelines established by the mediator and agreed to by the parties. The court appointed the arbitration chairperson/special master, and vacated the pending trial date.
{¶ 5} On January 23, 2001, the matter was heard before three arbitrators, who rendered a unanimous award on February 2, 2001. The panel found that although Hackman did not owe any division of fees to defendant, defendant made many expenditures assuming a valid oral agreement between the parties. The panel concluded defendant was entitled to recover all payments, expenses, and costs he expended in the furtherance of the parties' endeavor, and it awarded defendant the sum of $97,572.96. Moreover, "[d]ue to the evidence as produced dealing with the fraud issues," defendant was also awarded prejudgment interest from February 1, 1998, in the amount of $29,271.89, for a total arbitration award to defendant of $126,844.85. (Arbitration Award Decision, 2.)
{¶ 6} On February 9, 2001, defendant filed a motion to confirm the arbitrators' award. Hackman, in response, moved to modify the arbitrators' award, contending defendant did not allege unjust enrichment or seek prejudgment interest before the arbitrators, and thus the arbitrators made "material mistakes."
{¶ 7} On September 10, 2001, the trial court confirmed the arbitrators' award and overruled Hackman's motion to modify the award. About five months later, on February 4, 2002, Hackman filed a Civ.R. 60(B) motion seeking relief from the trial court's judgment entry confirming the arbitration award. On March 14, 2002, the trial court overruled the Civ.R. 60(B) motion. Hackman appeals, contending the trial court at least should have conducted an evidentiary hearing before overruling his motion for Civ.R. 60(B) relief.
{¶ 8} Defendant has filed a motion to dismiss Hackman's appeal as untimely under App.R. 4(A). Defendant notes that Hackman's Civ.R. 60(B) motion reargues the arbitration award and the trial court's decision to confirm it. Asserting the motion in reality is a substitute for an appeal, defendant contends the time for an appeal of the trial court's decision affirming the arbitration award has long passed.
{¶ 9} Contrary to defendant's contentions, Hackman's single assignment of error on appeal concerns the Civ.R. 60(B) motion the trial court overruled on March 14, 2002. In it, Hackman contends the trial court erred in overruling his Civ.R. 60(B) motion without first conducting an evidentiary hearing. Within 30 days of that judgment entry, Hackman filed a notice of appeal. Because Hackman complied with the time limits imposed under App.R. 4(A), his appeal of the trial court's March 14, 2002 judgment entry is timely, and this court has jurisdiction to consider whether the trial court erred in overruling Hackman's motion.
{¶ 10} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Civ.R. 60(B) relief, however, "is not available as a substitute for appeal." Blasco v. Mislik (1982), 69 Ohio St.2d 684, 686. "In support of a Civ.R. 60(B) motion, a party may not raise issues that could have been raised upon appeal, and `errors which could have been corrected by timely appeal cannot be the predicate for a Civ.R. 60(B) motion for relief from judgment.' " Daroczy v. Lantz, Franklin App. No. 02AP-31, 2002-Ohio-5417, at ¶ 34, quoting Kelm v. Kelm (1992), 73 Ohio App.3d 395, 399, affirmed (1993),68 Ohio St.3d 39. The decision to grant or deny a Civ.R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion. Oberkonz v. Gosha, Franklin App. No. 02AP-237, 2002-Ohio-5572, at ¶ 12.
{¶ 11} Here, although Hackman filed a Civ.R. 60(B) motion, the motion does not discuss any grounds for relief pursuant to Civ.R. 60(B)(1) through (5). Instead, it contends the arbitrators lacked the authority to proceed to arbitration because the parties never agreed to the high/low parameters before submitting the matter to arbitration. Whether or not that may have been a meritorious argument on appeal, Hackman failed to appeal the matter. Instead, Hackman filed a Civ.R. 60(B) motion.
{¶ 12} Because a Civ.R. 60(B) motion may not be used as a substitute for an appeal, Hackman was obliged to set forth grounds for relief pursuant to Civ.R. 60(B), including a claim to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). While Hackman's motion in the trial court suggests the possibility of relief pursuant to Civ.R. 60(B)(1) or (3), the motion in the trial court and Hackman's brief on appeal fail to note any facts which would support relief under either Civ.R. 60(B)(1) or (3).
{¶ 13} In the final analysis, Hackman's arguments are inappropriate to a Civ.R. 60(B) motion. While they are more properly addressed on appeal, Hackman failed to appeal the trial court's judgment entry confirming the arbitration award. Because Civ.R. 60(B) may not be used as a substitute for appeal, and because Hackman failed to present grounds for relief under Civ.R. 60(B), the trial court did not abuse its discretion in denying his Civ.R. 60(B) motion. Accordingly, we overrule Hackman's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
BROWN and PETREE, JJ., concur.