OPINION
{¶ } Plaintiff-appellant, William O. Harris, appeals from a judgment of the Franklin County Court of Common Pleas denying plaintiff's Civ. R. 60(B) motion for relief from judgment. Because the trial court properly denied plaintiff's motion, we affirm. *Page 2 
I. Procedural History {¶ 2} On January 12, 2005, plaintiff filed an "Original Action O.R.C. § 2317.48 Civil Rule 27 Perpetuation of Testimony Grievance System Pursuant To § 2969.26(A)(1)(2)(B)" against defendants-appellees, Cheryl Jorgen-Martinez, Chief Inspector, Central Office, and Darlene Krandall, Institution Inspector, Grafton Correctional Institution. In his complaint, plaintiff requested that this court (1) find defendants denied plaintiff access to court and due process of law in denying his request for "a six (6) month Print-Out" under R.C. 2969.25(C), (2) order defendants to fulfill their legal duties and immediately grant plaintiff "a copy of his six (6) month Print-Out," (3) order defendants to comply with the "requirements of R.C. § 2969.25(C)(1) (2) or any other statute" on plaintiff's request, and (4) grant plaintiff monetary damages and carry out disciplinary action "as this Court deems appropriate." (Complaint, 5.)
 {¶ 3} Defendants responded with a Civ. R. 12(B)(6) motion to dismiss on February 14, 2005. In their motion, defendants noted that although plaintiff's complaint requested that the court order defendants to fulfill their required duties and provide plaintiff a copy of his six-month printout, plaintiff's complaint acknowledges defendants did so. Because defendants complied with plaintiff's request before plaintiff filed his complaint, defendants asserted no controversy remained for the court to decide, the matter was moot, and the court should dismiss plaintiff's complaint.
 {¶ 4} Before the trial court resolved defendants' motion to dismiss, plaintiff filed an "Amending [sic] Supplemental Pleadings Civil Rule 27 Perpetuation of Testimony" on February 28, 2005. While the nature of plaintiff's supplemental pleading is not entirely *Page 3 
clear, it appears to raise other issues plaintiff had with the correctional facility from the date he filed his complaint to the date of his supplemental pleading. On the same date, plaintiff filed a memorandum in opposition to defendants' motion to dismiss.
 {¶ 5} On April 1, 2005, the trial court issued a decision and entry both striking plaintiff's supplemental pleading and granting defendants' motion to dismiss. While the court struck the supplemental pleading because plaintiff failed to obtain leave of court to amend his complaint, the court also determined the proposed amendment failed to state a claim on which relief could be granted. Lastly, the court noted that because plaintiff was provided the requested printout "as evidenced by the inclusion of the printout as Exhibit 2 to the Plaintiff's Complaint," plaintiff's request for relief was moot. (Decision Entry, 2.) In granting defendants' motion to dismiss, the trial court advised that "[t]his is a final appealable order." (Decision Entry, 3.)
 {¶ 6} In response to the trial court's judgment entry, plaintiff on April 22, 2005 filed a "Civ. R. 60(B)(1) (4) (5)" motion for relief from judgment due to mistake, inadvertence, surprise, or excusable neglect. Plaintiff in essence contended the trial court abused its discretion in granting defendants' motion to dismiss. The trial court issued a decision and entry on April 27, 2005, denying plaintiff's Civ. R. 60(B) motion. On May 25, 2005, plaintiff filed a notice of appeal with this court. On appeal, plaintiff assigns six errors:
 1. The trial court's failure to acknowledge that Plaintiff's, complaint alleging the violations contained within this Civil Rule 27, Perpetuation of Testimony, are well established and founded on the facts of Law as defined by State Statute and Legislative mandates and intent.
 2. The trial court abused its discretion in dismissing and denying Plaintiff the right to a hearing in the instance [sic] *Page 4 
complaint based on the facts of Law, yet did not allow Plaintiff to prove no such relief could be granted or gained.
 3. The trial court further abused its discretion and Plaintiff's right to due process of Law in not following the mandates of the language in § 2969.25(C)(1) (2), which has "no" language or directive for any verification documentation for any inmate to obtain a six (6) month print-out; it is only obtainable by and through the Institutional Cashier's Office.
 4. Whether the trial court abused its discretion in allowing Defendant to be granted a Motion to Dismiss Plaintiff's Motion pursuant to the Mootness Doctrine regarding Plaintiff supplying a copy of his six (6) month-print-out, is not well taken or founded solely based on the facts of Law. If Plaintiff did not file and supply this six (6) month-print-out with his complaint, Defendant's would have moved or raised the lack of fulfilling the necessary, strict, yet mandatory requirement in filing a Civil Action by a prisoner.
 5. The trial court failure to address the issue of the Chief Inspector, Ms. Cheryl Martinez, abused her discretion by allowing and acknowledging the fact that the Institutional Inspector's actions of denying Plaintiff accurate information regarding his grievance, and that the Institution Inspector's actions were within her proper authority of her position, violates Plaintiff's Due Process. Thereby, this court abused its discretion in failure of allowing this Perpetuation of Testimony to violate Plaintiff's Rights as guaranteed by the Constitution of the United States.
 6. The trial court further abused its discretion in granting Defendants Motion to STRICKEN Plaintiff's Motion pursuant to Civil Rule 15(E), Supplemental Pleadings.
II. Assignments of Error
A. Civ. R. 12(B)(6) Dismissal of Complaint
 {¶ 7} All of plaintiff's six assignments of error address the trial court's April 1, 2005 decision and entry striking his supplemental pleadings and granting defendants' Civ. R. 12(B)(6) motion to dismiss. While neither party raised the issue, we first must *Page 5 
determine whether plaintiff filed a timely notice of appeal from the trial court's April 1, 2005 judgment.
 {¶ 8} As relevant to plaintiff's case, App. R. 4(A) sets forth two different bases for determining when the time for filing a notice of appeal commences, and it grants a party the right to file within 30 days of the later of the two. The first provision of App. R. 4(A) provides that "[a] party shall file the notice of appeal required by App. R. 3 within thirty days * * * of entry of the judgment or order appealed[.]" The trial court issued its judgment on April 1, 2005; plaintiff did not file his notice of appeal until May 25, 2005. As a result, the appeal is untimely unless it falls under the second provision of App. R. 4(A).
 {¶ 9} Under the second provision, plaintiff must file his App. R. 3 notice of appeal "within thirty days of * * * service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." Here, the trial court's April 1, 2005 judgment specifically instructs that copies be sent to both plaintiff and to the assistant attorney general representing defendants. While the clerk's docket does not reflect that the judgment was mailed to either individual, plaintiff filed his motion for relief from judgment on April 22, 2005. Plaintiff thus had the decision and entry as of that date, at the latest. Even if we calculate 30 days from April 22, plaintiff's May 25, 2005 notice of appeal is untimely under App. R. 4(A) with respect to the trial court's April 1 judgment.
 {¶ 10} Although plaintiff filed a Civ. R. 60(B) motion in the trial court following the trial court's April 1, 2005 judgment, a Civ. R. 60(B) motion does not extend the time requirements for filing a notice of appeal. Key v. Mitchell, 81 Ohio St.3d 89, 1998-Ohio-643; *Page 6 Blasco v. Mislik (1982), 69 Ohio St.2d 684; Select Machine Tool Co. v.CMH, Inc. (June 11, 1987), 10th Dist. No. 86AP-1049. As a result, plaintiff's notice of appeal relating to the trial court's April 1, 2005 judgment is untimely, leaving this court without jurisdiction to consider the merits of the trial court's judgment striking plaintiff's supplemental pleading and granting defendants' Civ. R. 12(B)(6) motion to dismiss. See App. R. 4(A); State ex rel. Boardwalk Shopping Ctr., Inc. v.Ct. of Appeals for Cuyahoga Cty. (1990), 56 Ohio St.3d 33, 36. Accordingly, insofar as plaintiff's assigned errors address the trial court's April 1, 2005 judgment, we dismiss the appeal.
B. Civ. R. 60(B) Motion for Relief From Judgment
 {¶ 11} Even if we consider plaintiff's assigned errors to address the merits of the trial court's decision to deny plaintiff's Civ. R. 60(B) motion for relief from judgment, we conclude the motion lacked merit.
 {¶ 12} In order to prevail on a motion for relief from judgment under Civ. R. 60(B), plaintiff must demonstrate that (1) he has a meritorious defense or claim to present if relief is granted; (2) he is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. Perry v. Gen.Motors Corp. (1996), 113 Ohio App.3d 318, citing GTE Automatic Elec. v.ARC Indus., Inc. (1976), 47 Ohio St.2d 146.
 {¶ 13} The decision to grant or deny a Civ. R. 60(B) motion is left to the sound discretion of the trial court and will not be reversed on appeal absent a showing of abuse of discretion. State ex rel.Lindenschmidt v. Butler Cty. Bd. of Commrs. (1995), *Page 7 72 Ohio St.3d 464. The term abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude was arbitrary, unreasonable, or unconscionable. Id.
 {¶ 14} Here, even though the face of plaintiff's motion references Civ. R. 60(B)(1), (4), and (5), plaintiff's memorandum does not discuss any grounds for relief pursuant to Civ. R. 60(B)(1) through (5). Instead, he reargues the merits of the trial court's decision granting defendants' Civ. R. 12(B)(6) motion. Whether or not plaintiff's contentions may have had merit on appeal, plaintiff may not use his Civ. R. 60(B) motion, under the circumstances presented here, to argue issues that could have been raised on appeal. Daroczy v. Lantz, 10th Dist. No. 02AP-31, 2002-Ohio-5417, at ¶ 34, quoting Kelm v. Kelm (1992),73 Ohio App.3d 395, 399, affirmed (1993), 68 Ohio St.3d 39 (stating that "[i]n support of a Civ. R. 60(B) motion, a party may not raise issues that could have been raised upon appeal, and `errors which could have been corrected by a timely appeal cannot be the predicate for a Civ. R. 60(B) motion for relief from judgment'"); cf. The Brunner Firm Co.,L.P.A. v. Bussard, 10th Dist. No. 07AP-867, 2008-Ohio-4684.
 {¶ 15} In the final analysis, plaintiff's arguments are inappropriate to a Civ. R. 60(B) motion. Although they properly are addressed on appeal, plaintiff failed to timely appeal the trial court's judgment entry dismissing his complaint. Because plaintiff not only may not use Civ. R. 60(B) as a substitute for appeal but also failed to present grounds for relief under Civ. R. 60(B), the trial court did not abuse its discretion in denying plaintiff's Civ. R. 60(B) motion.
 {¶ 16} Accordingly, we overrule plaintiff's six assignments of error to the extent they address the trial court judgment denying his Civ. R. 60(B) motion, and we dismiss his *Page 8 
appeal to the extent it addresses the merits of the trial court's judgment striking plaintiff's amended pleading and granting defendants' Civ. R. 12(B)(6) motion.
Appeal dismissed in part; judgment on appeal affirmed.
FRENCH, P.J., and KLATT, J., concur. *Page 1